**KULY et al. v. WHITE MOTOR CO.**

No. 10805.

United States Court of Appeals
Sixth Circuit.

May 16, 1949.

Anthony Gaughan, Cleveland, Ohio (William J. Corrigan, Joseph B. Corrigan and Timothy F. McMahon, Cleveland, Ohio, and A. M. Oliver, Pittsburgh, Pa., on brief), for appellants.

John T. Scott, Cleveland, Ohio (John H. Watson, Jr. and Robert W. Wheeler, Cleveland, Ohio, on brief), for appellee.

Before HICKS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

This case was filed on behalf of appellants and other employees of appellee similarly situated, all being foremen paid monthly salaries, seeking to recover overtime compensation and liquidated damages under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), 29 U.S.C.A. § 216(b).

The answer set up, among other defenses, that the alleged causes of action for overtime compensation for work performed by each of the original plaintiffs and for liquidated damages with respect thereto, and the alleged causes of action for overtime compensation for work performed by each of the intervening plaintiffs and for liquidated damages with respect thereto, are barred by limitation under Section 11225 of the General Code of Ohio.

The District Court held that Section 11225, General Code of Ohio, applies and bars recovery under the three-year period of limitation therein provided. The court therefore ordered that the amended complaint be dismissed as to the period of time allowed by the provisions of Section 11222, General Code of Ohio, and that the causes of action for overtime compensation and liquidated damages be limited to the three-year period preceding the institution of their causes of action as provided by Section 11225.[1]

A motion to dismiss the appeal is made upon the authority of Section 225, 28 U.S.C. [see Revised Judicial Code, 28 U.S.C.A. §§ 1291–1294], and Rule 54(b) of the Federal Rules of Civil Procedure as amended, effective March 19, 1948, 28 U.S.C.A., which in their pertinent portions read as follows:

Section 225.

(a) "The circuit courts of appeal shall have appellate jurisdiction to review by appeal final decisions—

"First. In the district courts, in all cases save where a direct review of the decision may be had in the Supreme Court under section 345 of this title. * * *

(b) "The circuit court of appeals shall also have appellate jurisdiction—

"First. To review the interlocutory orders or decrees of the district courts * * * which are specified in section 227 of this title.

"Second. To review decisions of the district courts, under section 159 of Title 45."

Rule 54(b).

"Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

---

[1] The order reads as follows:

"* * * The Court having previously considered the issue of the applicability of the provisions of Ohio General Code Section 11222 and the claimed invalidity and inapplicability of the provisions of Ohio General Code Section 11225, and the Court having rendered its Finding and Opinion on March 2, 1948, that Section 11225 of the Ohio General Code is constitutional and applicable to the causes stated in plaintiffs' Amended Complaint,

"It is therefore ordered that plaintiffs' Amended Complaint filed herein be dismissed as to the period of time allowed by the provisions of Ohio General Code Section 11222, and that their causes of action for overtime compensation and liquidated damages be limited to the three year period preceding the institution of their causes of action as provided for by the provisions of Ohio General Code Section 11225. * * *"

The form of Section 11225, referred to in the order and throughout the opinion, is found in 120 Ohio Laws, 646. This statute, effective September 20, 1943, and in effect when the complaint and amended complaint were filed, provided a three-year limitation. The statute was later amended (122 Ohio Laws, 374) to provide a two-year limitation, which is not applicable here.

744

The District Court in the order appealed from did not expressly determine that there was no just reason for delay, and made no express direction for the entry of judgment, as required by Rule 54(b), and therefore appellee contends that the appeal clearly must be dismissed. Cf. Lockwood v. Hercules Powder Co., 8 Cir., 172 F.2d 775 announced February 28, 1949. Appellants do not claim that the order is interlocutory but appealable under the provisions of Section 225, above quoted. They contend that the judgment is final as to certain of the claims pleaded. They rely upon decisions which hold that the failure to pay overtime under the Fair Labor Standards Act gives to employees causes of action which accrue at every regular payday. In this case, in which the appellants were foremen, paid monthly salaries, they claim that separate and distinct causes of action accrued in their favor every month during the period from May 6, 1940, to May 6, 1946. Cf. Smith v. Continental Oil Co., D.C., 59 F. Supp. 91; Reid v. Solar Corp., D.C., 69 F. Supp. 626. They urge that as to the causes of action accruing prior to the three-year period the District Court has in effect rendered definite and separate judgments in its order.

Bearing in mind the fact that the causes of action averred arise out of different occurrences and transactions, which form the basis of separate units of judicial action, and that from this angle each appellant's separate claim might be the basis of a final judgment within the holding of the Supreme Court in Reeves v. Beardall, Extr., 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478, we think this consideration is not dispositive of the question presented. The Reeves case was decided prior to the amendment of Rule 54 (b), which governs here. At that time, the trial court was not required, as it is now, to make an express entry of judgment and an express determination that there is no just reason for delay, in order that final judgment may be entered.

Moreover, appellants are not suing here upon claims pleaded as monthly causes of action. They have cumulated their various items into one action running over six years. Since they did not plead each monthly period as a separate cause of ac-

tion, the dismissal did not constitute a final disposition of any separate cause of action. What the District Court actually did was to rule that there can be recovery for only part of the period involved. Not only did the court make no express direction for the entry of judgment, but it indicated by its order that no judgment was intended. The direction to file an amended pleading demonstrates that the actions still are pending in the District Court. Since disposition was not made either of one or more, or of less than all the claims, Rule 54(b) does not apply. It was a partial disposition only of all the claims. Hence there is no answer to the proposition advanced by appellee that we are asked here to review an order which is not final and does not fall within the class of interlocutory orders made appealable under Section 227, 28 U. S.C. Section 225, 28 U.S.C. [see Revised Judicial Code, 28 U.S.C.A. §§ 1291–1294], governs the case, and compels us to sustain the motion.

The appeal is dismissed.