**KAM KOON WAN v. E. E. BLACK, LIMITED.**

No. 12229.

United States Court of Appeals Ninth Circuit.

May 3, 1950.

Samuel Landau, Honolulu, T. H. (Alfred G. Goldberg and Saul Cooper, Padway, Goldberg & Previant, Milwaukee, Wisconsin, of counsel), for appellant.

J. Garner Anthony, William F. Quinn, Honolulu, T. H. (Robertson, Castle & Anthony, Honolulu, T. H., of counsel), for appellee.

William S. Tyson, Solicitor, U. S. Dept. of Labor, Bessie Margolin, Asst. Sol., William A. Lowe, Helen Grundstein, Attorneys, all of Washington, D. C., Kenneth C. Robertson, Regional Attorney, San Fran-

cisco, Cal., for Administrator of Wage and Hour Div., U. S. Dept. of Labor, amicus curiae.

Before MATHEWS and BONE, Circuit Judges, and MATHES, District Judge.

MATHEWS, Circuit Judge.

This appeal was taken in an action brought against appellee, E. E. Black, Ltd., on November 14, 1945, to enforce causes of action, hereafter called claims, for unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. §§ 201–219. The action was brought by appellant, Kam Koon Wan, an employee of appellee, for and in behalf of himself and other employees similarly situated.

Appellant was specifically named in the complaint as a party plaintiff to the action. Other employees similarly situated filed motions to intervene. There were three such motions. The first motion was filed by 245 employees [1] on April 8, 1946, and was granted on April 10, 1946. The second motion was filed by 51 employees [2] on May 13, 1946, and was granted on May 20, 1946. The third motion was filed by 16 employees on June 3, 1946, and was granted on the same day. By the filing and grant-ing of these motions, the 311 employees who filed them became parties plaintiff to the action.[3] In the District Court, they were sometimes called intervening plaintiffs and were sometimes called interveners. For brevity's sake, we shall call them interveners.

Appellee filed an answer on March 27, 1946, an amended answer on January 31, 1947, a motion for a summary judgment on August 15, 1947, and a second amended answer on August 26, 1947. The motion for a summary judgment was heard on September 12, 1947. An opinion entitled "Ruling upon motion for a partial summary judgment" was filed on February 5, 1948.[4] A stipulation was filed on May 18, 1948. An opinion entitled "Ruling upon coverage pursuant to stipulation" was filed on August 12, 1948. A trial was had on January 14, 1949.[5] Two so-called judgments—one entitled "Partial summary judgment" and one entitled "Judgment"—were filed on January 20, 1949. Appellant appealed [6] on February 15, 1949.

■ The appeal purports to be "from the final judgment entered in this case on the 20th day of January, 1949." There was no such judgment. The first so-called judgment filed on January 20, 1949—the one

1. Including Marcelo Pequero, Manuel Ornellas, Juichi Ralph Hirai (also called Jinichi Ralph Hirai), two employees called Yoshimi Fujiwara and two employees called Masaru Yamamoto. The parties have stipulated that the name "Manuel Ornellas," which appeared twice in the first motion, was intended to designate one employee; that the names "Juichi Ralph Hirai" and "Jinichi Ralph Hirai," both of which appeared in the first motion, were intended to designate one employee; that the name "Yoshimi Fujiwara," which appeared once in the first motion, was intended to designate two employees; and that the name "Masaru Yamamoto," which appeared twice in the first motion, was intended to designate two employees.

2. Including Marcelo Pequero (one of the 245 who filed the first motion) and Ekiso Jike (also called Jike Ekiso). The parties have stipulated that the name "Marcelo Pequero," which appeared once in the first motion and once in the second motion, was intended to designate one employee; and that the names "Ekiso Jike" and "Jike Ekiso," both of which appeared in the second motion, were intended to designate one employee.

3. See § 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b).

4. Kam Koon Wan v. E. E. Black, Ltd., D.C. Hawaii, 75 F.Supp. 553, 556. The opinion stated that, "After filing its second amended answer, the defendant (appellee) moved for a partial summary judgment." Actually, appellee moved for a summary judgment before filing its second amended answer and did not at any time move for a partial summary judgment.

5. The District Court did not, on January 14, 1949, or at any time thereafter, "find the facts specially and state separately its conclusions of law thereon," as provided by Rule 52(a) of the Federal Rules of Civil Procedure.

6. None of the interveners appealed.

entitled "Partial summary judgment"—was an order made pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. It did not adjudicate appellant's claim or any of the interveners' claims.[7] Obviously, it was not a final judgment.

The second so-called judgment filed on January 20, 1949—the one entitled "Judgment" and hereafter called the judgment—adjudicated appellant's claim and the claims of 161 of the interveners. The other 150 interveners were not mentioned in the judgment or, if mentioned, were designated by names which differed from those by which they were designated in the motions to intervene. We therefore cannot say that the judgment adjudicated the claims of all the interveners.

Rule 54(b) of the Federal Rules of Civil Procedure provides: "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision [by the district court] at any time before the entry of judgment adjudicating all the claims."

The "determination and direction" mentioned in Rule 54(b) were absent in this case. We therefore cannot say that the judgment was, as to appellant or anyone else, a final judgment.[8]

Rule 58 of the Federal Rules of Civil Procedure provides: "* * * The notation of a judgment in the civil docket as provided by Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry. * * *"

Rule 79(a) of the Federal Rules of Civil Procedure provides: "* * * All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These notations shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. * * *"

The judgment in this case was not noted in the civil docket as provided by Rule 79(a). There was, it is true, a notation in the civil docket reading as follows: "Entering proceedings at Entry of Judgment Filing Partial Summary Judgment (McLaughlin) Filing Judgment Entered at 1:30 p. m. 1-20-49." That, however, was not a notation of the judgment as provided by Rule 79(a), for it did not show the substance of the judgment as provided by that rule. It therefore did not constitute an entry of the judgment.

No final judgment having been entered, the appeal must be dismissed.[9]

On April 6, 1950, a motion for leave to amend the complaint was filed in this court by appellant. After the appeal is dismissed, plaintiffs (appellant and interveners) will have an opportunity to file such a motion in the District Court. The motion of April 6, 1950, is denied without prejudice.

Appeal dismissed.

---

7. Plaintiffs (appellant and interverners) claimed overtime compensation for the period from November 14, 1939 to November 14, 1945. The so-called partial summary judgment determined that plaintiffs were not entitled to recover for the period from December 7, 1941, to November 14, 1945. As to the period from November 14, 1939, to December 7, 1941, the so-called partial summary judgment made no determination.

8. See Lockwood v. Hercules Powder Co., 8 Cir., 172 F.2d 775; Kuly v. White Motor Co., 6 Cir., 174 F.2d 742; Prickett v. Consolidated Liquidating Corp., 9 Cir., 180 F.2d 8.

9. See cases cited in footnote 8.