**BURKHART et al.**

v.

**UNITED STATES et al.**

No. 13425.

United States Court of Appeals,
Ninth Circuit.

Feb. 15, 1954.

T. C. Boyle, Seattle, Wash., for appellant.

Perry W. Morton, Asst. Atty. Gen., Hart Snyder, Sp. Atty., Department of Justice, Spokane, Wash., S. Billingsley Hill, Roger P. Marquis, John C. Harrington, Attorneys, Department of Justice, Washington, D. C., for appellee, the United States.

Charles L. Powell, Moulton, Powell, Gess & Loney, Kennewick, Wash., for appellee Falk.

Before ORR and POPE, Circuit Judges, and LEMMON, District Judge.

POPE Circuit Judge.

On Januray 24, 1951, the United States brought action in the court below to condemn a parcel of land containing approximately 12 acres located in the State of Washington. The land belonged to Falk and his wife, appellees herein, but a small parcel thereof, which bounded a State highway, had been leased to the appellants Burkhart and O'Brien for a term of five years beginning November 10, 1948. The lease was obtained by the appellants for use as a service station for the sale of gasoline and other petroleum products. They erected thereon a service station, and constructed pumps, tanks and other equipment for use in their business. The Falks and the appellants and their wives were named as defendants in the petition for condemnation. The usual declaration of taking was filed, a deposit of estimated compensation was made, and an order transferring possession to the United States was entered. The United States then moved to dismiss as to the appellants, the lessees mentioned above, upon the ground that by reason of certain terms contained in the lease such defendants had no interest in the award and that no property of such lessees had been taken. That motion was based upon the fact that the lease contained a clause reading as follows:

"If all or any part of subject property shall be taken by any public agency for public use or purpose the entire amount paid as compensation for the property taken and as severance damages resulting to the remaining property of lessors shall be paid to and shall be retained by lessors as their own property. Lessees shall then be entitled to remove all their property, including the service station structure, from the premises and each party will look to

the condemnor for compensation on account of any and all damages claimed or asserted by such party on account of or resulting from such taking."

The court denied that motion but made an order which referred to this provision in the lease, reciting that its language was ambiguous and uncertain making it advisable to receive extraneous evidence as to its meaning, and ordered that pursuant to the provisions of Rule 42(b) of the Rules of Civil Procedure, 28 U.S. C.A.[1] the issue of whether such lessees had any interest in the real property taken for which the petitioner should be required to pay them compensation, should be separately tried.[2]

The court proceeded to try that issue. Extrinsic evidence was given by the attorney who drew the lease, and by the parties to the lease, directed to the question as to what this paragraph of the lease was intended to mean. The court made findings, in which it was concluded:

"That by the terms and conditions of the aforesaid lease, it was intended by the parties thereto that in the event of condemnation the defendants Irwin A. Falk and Vuelta C. Falk, his wife, should receive the entire amount of compensation payable for the taking of the real property above described, that the equip-

ment and improvements placed thereon by the defendants Burkhart and O'Brien should remain personal property, which said defendants should be entitled to remove; and that if said equipment and improvements should be taken by condemnation said defendants Burkhart and O'Brien should receive the full amount of such compensation as might be payable therefor.

"That the defendants Falk are entitled to receive the full compensation payable for the taking of Tract Q–1115; that the equipment and improvements remained personal property; that there has been no taking thereof; and that the defendants Burkhart and O'Brien are entitled to no part of the just compensation payable in the above-entitled proceedings with respect to Tract Q–1115."

A judgment was thereupon entered to that effect. Burkhart and O'Brien, the lessees, and their wives have undertaken to appeal therefrom to this court. They have filed a brief in support of their appeal and have made several specifications as to the manner in which they claim the court erred in arriving at such judgment. On behalf of the United States a brief has been filed undertaking to sustain the judgment upon the merits. The United States is, of course, the party

---

1. The action was pending when Rule 71A became effective on August 1, 1951. Another judge of the same court previously entered an order in this case to the effect that Rule 71A be not followed herein but that the proceedings be in accordance with the former procedure. It is noted that by the order here referred to, the judge who tried the case was proceeding to apply the Rules of Civil Procedure. At the outset of the trial of the separate issue the court announced: "I revoked the order that was entered in this proceeding that the old conformity procedure would apply. Rule 71A, which is the condemnation rule, automatically became effective * * * and all the rules of civil procedure apply. * * * *"

2. This portion of the order recited: "It is Now, Therefore, Ordered that, pursuant

to the provisions of Rule 42(b) of the Rules of Civil Procedure, the issue of whether the said defendants, Andrew J. Burkhart and Jane Doe Burkhart, his wife, and John H. O'Brien and Jane Doe O'Brien, his wife, and Andrew J. Burkhart and John H. O'Brien, a co-partnership doing business as "Petroleum Products," have any interest in the real property taken by the petitioner, United States of America, in the above entitled proceeding, for which the petitioner should be required to pay defendants compensation; and, if said defendants have such interest, the nature and extent thereof shall be separately tried, and the trial thereof is hereby set before the Court without a jury, in the Court Room of the above entitled Court, at Walla Walla, Washington, on the 12th day of February, 1952, at 10:00 o'clock a.m."

primarily benefited by the court's judgment.[3] The Falks have also filed a brief asserting error in the judgment but they took no appeal.[4]

After an extended consideration of the arguments of counsel upon the merits, we have come to the conclusion that this court is without jurisdiction of the appeal. Notwithstanding none of the parties have questioned that jurisdiction it is our duty to note that the appeal is not properly here. In directing the separate trial the court did so upon the authority of Rule 42(b) which reads as follows: "Rule 42(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues." Clearly enough, the claim of the appellants, the lessees, for just compensation is separate and distinct from the claim of appellees Falk, owners of the fee and of the larger tract, for just compensation to them. It was entirely proper for the court to order a separate trial of the appellants' claim. Rule 54(b) provides: "(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

The "express determination" and the "express direction" called for by this rule were not incorporated either in the order directing the separate trial or in the judgment mentioned. The consequence of this failure to make such determination and direction is that the court has chosen to treat its decision as "subject to revision at any time before the entry of judgment adjudicating all the claims." Hence, the judgment before us is not final and is not appealable under section 1291 of Title 28. Kam Koon Wan v. E. E. Black, Limited, 9 Cir., 182 F.2d 146; Maizel v. Epstein, 90 U.S.App.D.C. 328, 196 F.2d 44; Flegenheimer v. Manitoba Sugar Co., 2 Cir., 182 F.2d 742; Winsor v. Daumit, 7 Cir., 179 F.2d 475; Kuly v. White Motor Co., 6 Cir., 174 F.2d 742; Etten v. Kauffman, 3 Cir., 179 F.2d 302. Typical of such applications of the rule have been those where, as here, the decision of the court was as to some, but not all defendants. Tobin Packing Co. v. North American Car Corp., 2 Cir., 188 F.2d 158; Vale v. Bonnett, 89 U.S.App.D.C. 116, 191 F.2d 334; Garbose v. George A. Giles Co., 1 Cir., 183 F.2d 513.

3. This for the reason that although the United States was not a party to the lease the effect of the judgment is to hold that the United States has not taken the appellants' improvements, and thus if the judgment stands, compensation will be awarded for the land alone without regard to the value either of the lease or of the improvements.

4. While agreeing that under the lease he was entitled to receive the entire amount to be paid as compensation, Falk asserts the improvements were part of the real property taken, and that the United States must pay for them. It is apparent that if this case is remanded, and the court enters a similar judgment, after making the determination and direction hereafter referred to, whether Falk can then appeal will present a different question. Should that question arise, it would be necessary to consider whether, since only a portion of Falk's claim was disposed of, the order as to him could possibly be made appealable. See the discussion in Pabellon v. Grace Line, 2 Cir., 191 F.2d 169, at page 174, and cf. 6 Moore's Federal Practice, Second Ed., § 54.30. Cf. also, Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911.

The fact that none of the parties has raised the question of the appealability of the judgment suggests that failure of the court to make the determination mentioned in the rule may have been an oversight. This rule in its present form became effective in 1948. Since that date the courts have frequently been confronted with the same situation which we observe here. Because of the possibility of oversight they have suggested that the district court should be furnished an opportunity to make the determination and direction mentioned in the Rule. Accordingly orders have been made remanding the cause to the district court to permit such court to make such determination and direction nunc pro tunc, or again to enter a judgment containing the requisite determination and direction. Instances of that kind are to be found in Republic of China v. American Express Co., 2 Cir., 190 F.2d 334; Vale v. Bonnett, 89 U.S.App.D.C. 116, 191 F.2d 334, 335; Etten v. Kauffman, 3 Cir., 179 F.2d 302.

We are not to be understood as suggesting that upon a remand of this matter to the district court the trial judge should or should not make the determination and direction authorized by the Rule. Whether that should be done is exclusively within the discretion of that court. But in suggesting the possibility of such determination and direction, we are necessarily suggesting also that such action will serve to make the order or judgment upon this single issue a final one and appealable to this court. In this connection it should be noted that it has been held in the Court of Appeals for the Second Circuit, Flegenheimer v. General Mills, 191 F.2d 237, (Judges Swan, Hand and Hand), that a determination and direction under Rule 54(b) cannot make a judgment or order final and therefore appealable if it would not have been appealable under the for-mer practice before the rule attained its present form in 1948. Under this view, the absence of such a determination and direction makes an adjudication that disposes of part but not all of the multiple claims present in the action nonappealable as a final judgment; but the presence of such a determination and direction will not make final and appealable such an order unless it would have been regarded as final and appealable under the old practice. The case last cited was a decision to the effect that this portion of Rule 54(b) relating to such determination and direction has the purely negative effect of making non-final judgments in multiple claims actions which would have been regarded as final under the former practice.[5] The Court of Appeals for the Third Circuit, Bendix Aviation Corp v. Glass, 195 F.2d 267, with some judges dissenting, has disagreed with the Flegenheimer case, holding that the making of the determination and direction referred to in the Rule operates to make any decision of one of multiple claims a final decision and appealable.[6]

As between these conflicting views we are not required to take a position here for under the old practice before the amendment of the rule the order or judgment here involved would be final and appealable under § 1291 of Title 28. State of Texas v. Chuoke, 5 Cir., 154 F.2d 1, 2; cf. Withenbury v. United States, 5 Wall. 819, 18 L.Ed. 613. Even under the construction given to Rule 54(b) by the Court of Appeals for the Second Circuit, this judgment would meet the tests of finality providing the determination and direction had been made as stated in the Rule, for the reasons stated in Republic of China v. American Express Co., 190 F.2d 334, 337. Under the former practice the judgment would be final under the tests applied in Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 70 S.Ct. 322, 94 L.Ed. 299.

5. It is quite apparent that Judge Frank is in accord with this view. See footnote 17 of his opinion in Republic of China v. American Express Co., 2 Cir., 190 F.2d 334. That Judge Clark disagrees is apparent from his concurring opinion in Lopinsky v. Hertz Drive-Ur-Self Systems, Inc., 2 Cir., 194 F.2d 422.

6. This also appears to be the view of the First Circuit, Boston Medical Supply Co. v. Lea & Febiger, 195 F.2d 853.

Since we are of the opinion that the judgment in its present posture is not appealable, and that we are without jurisdiction to consider the merits, the cause must be and is remanded to the court below. If that court shall see fit to make the determination and direction referred to and render judgment in conformity therewith, and if the present appellants should appeal to this court from that judgment,[7] we would deem it unnecessary to have the parties reprint briefs or to reprint so much of the present record as would be incorporated in a record on such new appeal; but such appeal if taken could be heard upon the present briefs and upon the present record supplemented by a record of the further proceedings taken upon remand in the district court.

Raymond A. Fox, Detroit, Mich., for petitioner.

H. Brian Holland, Kenneth W. Gemmill, Henry Kutz, Carolyn R. Just, Washington, D. C., for respondent.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

---

**7.** The time for appeal runs from the date of the "determination". Dyer v. MacDougall, 2 Cir., 201 F.2d 265, 267.