**RUSSELL**

v.

**THE TEXAS CO. et al.**

No. 14246.

United States Court of Appeals,
Ninth Circuit.

March 9, 1954.

Ralph J. Anderson, Helena, Mont., for appellant.

Coleman, Jameson & Lamey, Cale Crowley, Billings, Mont., Walter E. Will, Denver, Colo., M. L. Countryman, St. Paul, Minn., Robert P. Davidson, Billings, Mont., of counsel, for appellee.

Before BONE, ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

The appellant filed a complaint in the District Court alleging three causes of action. The first cause states that the defendant Northern Pacific Railway Company received patent to a certain section of land pursuant to the terms of the Northern Pacific Land Grant of 1864, 13 Stat. 365; that it subsequently conveyed the land to plaintiff's predecessor excepting and reserving the minerals upon or in the land. It alleges that the purported exception and reservation of such minerals is void, but that notwithstanding such invalidity the Railway Company executed an oil and gas lease to the Texas Company and that the latter Company and its agent, the Frederick T. Manning Drilling Co., have entered upon the land pursuant to the lease and were removing large quantities of oil and gas therefrom, and causing other damage to plaintiff's land. It alleged that the purported exception and reservation of the minerals and the lease to the Texas Company constitute a cloud upon plaintiff's title. The second and third causes of action allege that the defendants, the Texas Company and the Drilling Company, were making an unlawful use of plaintiff's land in connection with drilling operations on adjacent lands. The Railway Company was not involved in these last two causes of action.

The prayer of the complaint was that the mineral reservation and the oil and gas lease be adjudged void and that the cloud thereby created upon plaintiff's title be removed; that the defendants be enjoined from trespassing upon plaintiff's land, and that plaintiff have judgment for damages on account of the use by the Texas Company and the Drilling Company of his land, both in connection with drilling operations thereon and with the operations on the adjoining lands.

The Northern Pacific Railway Company made a motion for summary judgment and the other defendants made a separate motion for partial summary judgment. On November 23, 1953, the court below filed an order granting the motion of the Railway Company and which recited: "Now, Therefore, it is Ordered, Adjudged and Decreed that summary judgment be entered in favor

of the defendant Northern Pacific Railway Company and against the plaintiff, with costs." The order further determined that there was no genuine issue of fact between plaintiff and the defendants Texas Company and the Drilling Company concerning the right of said defendants to enter upon the lands as lessees of the Railway Company; that they were entitled to enter the lands under the lease for the purpose of extracting minerals, and that plaintiff was not entitled to an injunction restraining such use. The order left for later decision between the plaintiff and the last two defendants the issues of injunctive relief and damages under the second and third causes of action.

On November 25, 1953, the entry of the order of November 23, 1953, in the Civil Order book was noted in the docket. On December 3, 1953, a formal summary judgment was made, entered and noted in the docket adjudging and decreeing "that the defendant Northern Pacific Railway Company does hereby have judgment in its favor and against the plaintiff."

No appeal was taken from the order of November 23 as noted November 25. On January 27, 1954, upon a showing that plaintiff had not received notice of the December 3 judgment until January 26, the court made an order extending plaintiff's time to appeal from the December 3 "partial summary judgment" until February 1, 1954. Upon the same day, January 27, 1954, plaintiff filed notice of appeal to this court from the December 3 judgment.

The appellee, Northern Pacific Railway Company, first moved to dismiss the appeal on the ground that the appealable decision of the court below was that of November 23, 1953, and that when the appeal was taken on January 27, 1954, that appeal was ineffective, first because it did not purport to be an appeal from the November 23 decision, and second, because on that day the period to which the time for appeal from the November 23 order could be extended by the district court under Title 28, § 2107 had then expired.[1]

Appellee asserts that the decisions of this court in Liberty Mutual Ins. Co. v. Pillsbury, 154 F.2d 559; Haddock Limited v. Pillsbury, 155 F.2d 820; and Steccone v. Morse-Starrett Products Co., 191 F.2d 197, demonstrate the finality of the November 23d decision. Appellant says that those cases are distinguishable from this in that the order of November 23, 1953, contains no such words of finality as those in the orders discussed in the cases cited, saying that the November 23d order shows on its face that it went no further than to direct the preparation and entry of a final judgment.

We find it unnecessary to resolve the question stated in the preceding paragraph because after the Railway Company filed its motion to dismiss it filed a supplemental memorandum suggesting an additional reason why the appeal should be dismissed. The suggestion is that since more than one claim for relief was present in this action, and since the court has directed entry of a judgment upon less than all of the claims, the judgment or decision is covered by Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., relating to judgment upon multiple claims.[2] Attention is called to the fact that neither the order of November 23, 1953, nor the judg-

---

1. " * * * The district court may extend the time for appeal not exceeding thirty days from the expiration of the original time herein prescribed, upon a showing of excusable neglect based on failure of a party to learn of the entry of the judgment, order or decree. * * *" 28 U.S.C.A. § 2107.

2. Rule 54(b) "Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated,

ment of December 3, 1953, contains "an express determination that there is no just reason for delay". Therefore, appellees say, if the rule applies the appeal is premature.

We are of the opinion that the point thus made with respect to the effect of Rule 54(b) is well taken. Here, where the decision of the court was as to some but not all of the claims and where it purports completely to dispose of the rights of one but not all defendants, the case comes within the rule of our recent decision in Burkhart v. United States, 210 F.2d 602. Upon this ground and for this reason the appeal is dismissed.

which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form

of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."