**WYNN**

v.

**RECONSTRUCTION FINANCE
CORP. et al.**

No. 13946.

United States Court of Appeals
Ninth Circuit.

May 7, 1954.

Leland J. Allen, Los Angeles, Cal., for appellant.

John H. Rice, Nicholas & Mack, Los Angeles, Cal., for appellees.

Before STEPHENS, BONE, and POPE, Circuit Judges.

STEPHENS, Circuit Judge.

In order that a short statement of fact upon which the issues of this appeal are based may be intelligible, we present such statement with a recital of pertinent and applicable historical data.

Harry Wynn, appellant claims to be the owner of a six per cent royalty interest in all oil, gas, and other hydrocarbon substances produced from certain properties located at Playa del Rey in Los Angeles County in the State of California.[1] On September 28, 1942, a suit in

1. Parcel 1: Lots 7, 8, 9, 10, 11, 35 and 36 of Block 33, Tract 9809, as recorded in Book 145, et seq., of Maps, Records of Los Angeles County, California;

Parcel 2: Lots 1 to 5, inclusive, and 38 to 42, inclusive, of Block 33; Lots 10 to 15, inclusive, and Lots 50 to 55, inclusive, of Block 34; Lots 10 to 15, inclusive,

condemnation of part of such certain properties [2] was filed in the United States District Court for the Southern District of California by the United States for the use of Reconstruction Finance Corporation.[3] On December 26, 1942, the United States filed its Declaration of Taking in fee simple. The lands were required for use as an underground reservoir of natural gas in connection with the prosecution of the war effort. An evaluation proceeding was held and appellant was named as one of the defendants therein since he claimed an interest in the condemned property.[4] After a hearing before a jury, a verdict was returned finding the fair market value of the condemned properties to total $194,500. Judgment was entered upon the verdict July 13, 1949. On October 30, 1950, a second judgment was entered ordering distribution of the condemnation award. As part of the distribution order Wynn was awarded $11,502, as representing 6% of the proceeds after payment of expenses.[5] All parties appealed.

On appeal from the condemnation suit Wynn specifically claimed that the district court had made a mathematical error in the computation of his six per cent interest in the condemnation award, and further that he, together with certain others collectively known as the "Adamant Group", were entitled to an equitable lien upon R.F.C.'s share of the condemnation award since R.F.C. was the successor in interest to the Treasure Co. against whom the Adamant Group had claims for alleged unpaid royalties, the determination of which was then pending in other suits in the state and federal courts. This court, upon appeal, held that Wynn and the Adamant Group had no equitable lien upon R.F.C.'s share of the award, and, further held that the mathematical distribution was correct. United States v. Adamant Co., 9 Cir., 1952, 197 F.2d 1, 11. Acordingly, we affirmed the judgment, but remanded the cause with directions to withhold execution and enforcement of the order of distribution as to appellants other than R.F.C.

### The Instant Action

This action was filed in the Superior Court in and for the County of Los Angeles in the State of California, on September 16, 1952. The complaint seeks to set aside a contract entered into between R.F.C., the Southern California Gas Co., and the Trust Oil Company as representative of Treasure Co., Samarkand Oil Co., and Empire Oil Co., dated May 31, 1949. Wynn, the plaintiff-appellant, alleges that he is a creditor of Treasure Co., and that the contract entered into between the United States and Trust Oil Co. was an attempt of G. de Bretteville as president of Trust Oil Co.

---

and Lots 71 to 76, inclusive, of Block 36, all in Tract 9809, as per Map recorded in Book 145, page 91 et seq., of Maps, Records of Los Angeles County, California;

Parcel 3: All of Block 19, and Lots 16 to 25, inclusive, Block 33; Lots 27 to 38, inclusive, Block 34; Lots 27 to 60, inclusive, of Block 36, all in Tract 9809, as per Map recorded in Book 145, page 91 et seq., of Maps, Records of Los Angeles County, California. (Record on Appeal, pp. 9, 10).

2. Record on Appeal, see pp. 9, 10, 115:
   Block 19: All of Block 19.
   Block 33: Lots 3 to 5 inclusive;
   Lots 7 to 11 inclusive;
   Lots 16 to 25 inclusive;
   Lots 35 to 36 inclusive;
   Lots 38 to 41 inclusive;

Block 34: Lots 50 to 51 inclusive;
   Lots 27 to 38 inclusive;
Block 36: Lots 40 to 53 inclusive.

3. Act of Congress, approved Jan. 22, 1932, as amended, 15 U.S.C.A. §§ 601–619; P.L. 506, 77th Cong., approved March 27, 1942, 56 Stat. 174; Executive Order 9217 issued August 7, 1942, 7 F.R. 6177, U. S. Code Congressional Service 1942, p. 1023, issued pursuant to "Second War Powers Act of 1942," P.L. 507, 77th Cong., 50 U.S.C.A.Appendix, § 631 et seq. (Condemned properties set out in footnote 2, supra.)

4. United States v. Certain Parcels of Land, No. 2454–B, Civil.

5. $2800 was awarded to David Head as Receiver in a suit by Adamant and others against the Treasure Co.

and of each of the subsidiary oil companies, to transfer the assets of, among others, Treasure Co. to R.F.C., in fraud of its creditors. Wynn also seeks to quiet title to his six per cent interest in the named property and asks that a receiver be appointed as to all of the property held by Treasure Co. and G. de Bretteville at the time the contract of May 31, 1949, was entered into and that the defendants be enjoined from disposing of any of the property or the proceeds thereof.

The action was removed to the United States District Court on October 6, 1952, by defendants, and Wynn made a motion to remand the case to the Superior Court on December 19, 1952. On December 4, 1952, defendants filed a motion for summary judgment. On June 8, 1953, the United States District Court denied the motion to remand and granted a partial summary judgment pursuant to Rule 56 (d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The District Court found that Wynn had no interest in the land condemned by the United States. See United States v. Adamant Co., 9 Cir., 1952, 197 F.2d 1. The District Court

denied summary judgment as to Wynn's cause of action in regard to the properties of Treasure Co. which were not part of the condemnation suit.[6]

Wynn is here appealing from the order denying his motion to remand to the Superior Court and from the partial summary judgment.

### Partial Summary Judgment

The appellate jurisdiction of this court is limited to appeals from *final* judgments [7] and from such interlocutory orders as are specifically made appealable by statute.[8] We turn first to the so-called "partial summary judgment", the issuance of which is authorized by Rule 56 (d) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A. The notes of the Advisory Committee on Amendments to Rules, in referring to Rule 56(d) of the Federal Rules of Civil Procedure, state that "a partial summary 'judgment' is not a final judgment".[9] As Professor James W. Moore points out in his treatise on federal practice, a more accurate description of the action taken by a court pursuant to Rule 56(d) would be an "in-

---

6. Record on Appeal, p. 120:
   "Lots 1, 2 and 42, of Block 33, in Tract 9809, as recorded in Book 145, et seq. of Maps, Records of Los Angeles County, California; Lots 10 to 15, inclusive, and Lots 52 to 55, inclusive, of Block 34, in said Tract 9809; and Lots 10 to 15, inclusive, 27 to 39, inclusive, 54 to 60, inclusive, and 71 to 76, inclusive, of Block 36, in said Tract 9809."

7. Title 28 U.S.C.A. § 1291.

8. Title 28 U.S.C.A. § 1292.

9. Advisory Committee's Note of 1946 to Subdivision (d) of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., 6 Moore's Federal Practice (1953) pp. 2011–2012, § 56.01[7]:
   "**Subdivision (d).** Rule 54(a) defines 'judgment' as including a decree and 'any order from which an appeal lies.' Subdivision (d) of Rule 56 indicates clearly, however, that a partial summary 'judgment' is not a final judgment, and, therefore, that it is not appealable, unless in the particular case some statute allows an appeal from the interlocutory order

involved. The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact. See Leonard v. Socony-Vacuum Oil Co., 7 Cir., 1942, 130 F.2d 535; Biggins v. Oltmer Iron Works, 7 Cir., 1946, 154 F.2d 214; 3 Moore's Federal Practice, 1938, 3190–3192. Since interlocutory appeals are not allowed, except where specifically provided by statute, see 3 Moore, op. cit. supra, 3155–3156, this interpretation is in line with that policy, Leonard v. Socony-Vacuum Oil Co., supra. See also Audi Vision, Inc., v. RCA Mfg. Co., 2 Cir., 1943, 136 F.2d 621 [147 A.L.R. 574]; Toomey v. Toomey, 1945, 80 U.S.App.D.C. 77, 149 F.2d 19; Biggins v. Oltmer Iron Works, supra; Catlin v. United States, 1945, 324 U.S. 229, [65 S.Ct. 631, 89 L.Ed. 911.]"

terlocutory summary adjudication" [10] or, as suggested in several cases, a "pretrial order".[11] And such court action would be non-appealable prior to the entry of a final judgment in the case, in the absence of a specific statute authorizing an appeal.[12]

A further and necessary exception to the non-appealability of a partial summary judgment is made where the District Court has erroneously treated such judgment as final and orders execution thereon.[13]

No statutory provision for permitting an interlocutory appeal in this instance has been made manifest to this court, nor has the District Court treated its partial summary judgment as final in nature. Nor is there any *res* within the jurisdiction of this court or the District Court which is threatened with dissipation. The money awarded to R.F.C. in the condemnation proceeding has already been ordered distributed by order of this court. United States v. Adamant Co., 9 Cir., 1952, 197 F.2d 1. The distribution of the balance of the award money is being stayed until this and other suits in claim of it have been finally adjudicated.

Appellant's contention that the District Court's "partial summary judgment" was final and thus appealable as to the property involved in the prior condemnation suit is also rebutted by Rule 54(b) which provides that where there is more than one claim for relief in an action "the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." [14] The District Court order from which the instant appeal was taken is designated as an "ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER RULE 56(D) OF FEDERAL RULES OF PROCEDURE". There is no express determination as to the necessity for speed, nor is there an express direction for the entry of judgment. Indeed, the action taken by the court is consistent only with the theory that it was making an interlocutory or pre-trial finding, and not a formal final judgment.[15] Notice the order is under 56(d) and not under 54(b).

### Motion to Remand

We next consider whether an appeal will lie from the denial of the motion to remand. This court has jurisdiction to hear appeals from certain specified interlocutory orders, including orders re-

---

10. 6 Moore's Federal Practice, § 56.20[4], p. 2311.

11. 1946 Note of Advisory Committee on Amendments to Rule 56(d) and cases cited therein, see footnote 9, supra. See, also, Coffman v. Federal Laboratories, 3 Cir., 1948, 171 F.2d 94, 98; Woods v. Mertes, D.C.D.Del., 1949, 9 F.R.D. 318, 320; Tye v. Hertz Drivurself Stations, 3 Cir., 1949, 173 F.2d 317, 319.

12. See, also, 3 Barron & Holtzoff, Federal Practice and Procedure, § 1241, pp. 111, 114; cf. Cashion v. Bunn, 9 Cir., 1945, 149 F.2d 969.

13. As the Seventh Circuit pointed out in Biggins v. Oltmer Iron Works, 1946, 154 F.2d 214, an appeal may lie from a Rule 56(d) partial summary judgment where the action taken by the District Court threatens to dissipate the *res* of the controversy prior to final determination of all the issues in the District Court. Cf. the original jurisdiction of an appellate court on a writ of prohibition or mandamus. See discussion in United States v. U. S. District Court, 9 Cir., 1953, 206 F.2d 303, 306–307; Title 28 U.S.C.A. § 1651.

14. The 1946 notes of the Advisory Committee on Amendments to the Rules declare that Rule 54(b) "re-establishes an ancient policy with clarity and precision." The "ancient policy" referred to is the "historic rule" that "the federal courts [have] always prohibited piecemeal disposal of litigation and permitted appeals only from final judgments except in those special instances covered by statute [Citing cases therein]." 6 Moore's Federal Practice § 54.01[6], p. 10.

15. See 6 Moore, op. cit. § 54.30[1]; 3 Barron & Holtzoff, op. cit. § 1193, pp. 13–14; Burkhart v. United States, 9 Cir., 1954, 210 F.2d 602.

fusing to dissolve injunctions.[16] Therefore, it has been held that an interlocutory appeal may be taken from a district court injunction or refusal to dissolve an injunction against further proceedings in a state court on removed proceedings and that in such a circumstance the denial of the motion to remand may be considered as an integral part of the issues presented by the appeal.[17] However, the instant case involves the attempt to appeal, not from any refusal to dissolve an injunction, but from the denial of a motion to remand the case to the state court. It is not an appeal from a final judgment nor from an order specifically made appealable by statute, and therefore, is not the proper subject for an interlocutory review.[18]

The appeal is dismissed and cause remanded for further proceedings.

16. Title 28 U.S.C.A. § 1292(1).

17. Albi v. Street & Smith Publications, 9 Cir., 1944, 140 F.2d 310, footnote 1, page 311; Johnson v. Butler Bros., 8 Cir., 1947, 162 F.2d 87, 88, 172 A.L.R. 1157; Morgan v. Kroger Grocery & Baking Co., 8 Cir., 1938, 96 F.2d 470, 472.

18. Bender v. Pennsylvania Co., 1893, 148 U.S. 502, 13 S.Ct. 640, 37 L.Ed. 537; Ex parte Roe, 1914, 234 U.S. 70, 34 S.Ct. 722, 58 L.Ed. 1217; Thomas v. Great Northern Ry. Co., 9 Cir., 1906, 147 F. 83, 87; Lockhart v. New York Life Ins. Co., 4 Cir., 1934, 71 F.2d 684, 685; see discussion in Borden Co. v. Zumwalt, 9 Cir., 1941, 120 F.2d 69, 71. Cf. also Cray, McFawn & Co. v. Hegarty, Conroy & Co., 2 Cir., 1936, 85 F.2d 516, 517, 518.