246 F.2d 605
 MICHAEL ROSE PRODUCTIONS, Inc., Plaintiff-Appellant,
v.
LOEW'S INCORPORATED, Paramount Film Distributing Corporation, T. C. F. Film Corporation, R. K. O. Radio Pictures, Inc., Warner Bros. Pictures Distributing Corporation, Universal Film Exchanges, Inc., Columbia Pictures Corporation and United Artists Corporation, Defendants-Appellees.
 No. 360.
 Docket 24506.
 United States Court of Appeals Second Circuit.
 Argued June 11, 1957.
 Decided July 8, 1957.
 
 Aaron E. Koota, New York City, for appellant (Francis T. Anderson, Philadelphia, Pa., on the brief).
 Simpson, Thacher & Bartlett, New York City, for all appellees except Columbia Pictures Corp. (Albert C. Bickford, Whitney North Seymour, Jr., and William J. Manning, New York City, of counsel).
 Schwartz & Frolich, New York City, for appellee Columbia Pictures Corp. (Myles J. Lane, New York City, and Bernard R. Sorkin, Brooklyn, N. Y., of counsel).
 Before CLARK, Chief Judge, and CHASE and HINCKS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The suit was brought to recover treble damages under the anti-trust laws.
 
 
 2
 The appellees answered with a general denial and, in an amended answer, pleaded the affirmative defense of a general release which the appellant had executed and delivered to appellees United Artists Corporation and Loew's Incorporated on February 5, 1954. The appellees then moved for a summary judgment which was denied without prejudice. After further proceedings, which need not be set forth, there was a hearing before Chief Judge Clancy, without a jury, to determine whether the release was executed because of a mutual mistake of fact, or any unilateral mistake by the appellant, or the fraud of any appellee. Judge Clancy found no mistake and no fraud. Judge Herlands then adopted such findings, held the release valid and binding upon the appellant, and that it released the appellees "from any and all claims of plaintiff accruing prior to February 5, 1954." He dismissed the complaint, with prejudice, insofar as damages were claimed for anything which was alleged to have occurred before February 5, 1954. This appeal is from that order.
 
 
 3
 We cannot reach the merits for the order was neither final, and consequently appealable, nor appealable as an interlocutory order under § 1292 of Title 28 U.S.C. It is perfectly obvious that all the order did was to dismiss only part of the appellant's claim and to leave the remainder pending for trial in the district court. Baltimore Contractors v. Bodinger, 348 U.S. 176, 75 S.Ct. 249, 99 L.Ed. 233. Rule 54(b) F.R.Civ.P. was inapplicable, see Kam Koon Wan v. E. E. Black, Ltd., 9 Cir., 182 F.2d 146, as the judge well knew since he was unwilling to make any determination or direct an entry of judgment pursuant to the provisions of that rule. So we have no jurisdiction. Kuly v. White Motor Co., 6 Cir., 174 F.2d 742.
 
 
 4
 Appeal dismissed.