**ISLAND SERVICE COMPANY, Inc., a Corporation, Appellant,**

v.

**Joaquin A. PEREZ, Appellee.**

**No. 15316.**

United States Court of Appeals Ninth Circuit.

Dec. 27, 1957.

E. R. Crain, Agana, Guam, Thomas M. Jenkins, San Francisco, Cal., for appellant.

Spiegel, Turner, Wolfson & Novak and Albert A. Spiegel, Santa Monica, Cal., for appellee.

Before STEPHENS, Chief Judge, and LEMMON and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Perez brought an action against Island Service Company, Inc., in the District Court of Guam, based upon a written contract granting a right to Island to take sand from a designated parcel of land and requiring a monthly accounting and payment to Perez for the material taken. Island answered setting up various defenses and a "Cross-Complaint" for debt of $35,868.21, alleged due from Perez. There was an "Answer to Cross-Complaint" by Perez, admitting that the jurisdictional amount was in controversy, but otherwise denying generally all the allegations of that pleading. A pretrial order was entered, which allowed Island to and including April 15, 1956, to amend the "Cross-Complaint" and to and including May 1, 1956, to introduce witnesses in support thereof. Trial was set by the pretrial order for May 21, 1956.

On that day the cause came on for trial. There was an attempt to offer evidence upon the counterclaim. In a very confusing colloquy between the court and counsel for the parties, the court ruled that no continuance would then be granted for the introduction of further evidence on the so-called "Cross-Complaint." The Court might possibly have dismissed the counterclaim at that point for failure of Island to comply with the directions contained in the pretrial order. Instead, the court expressed the view that the pretrial order was controlling and held that the issue was not before the court. But the pretrial order expressly recognizes the existence of the counterclaim. It is possible that the court intended to say that Island had not disclosed the basis of the alleged counterclaim at the pretrial conference and therefore it was too late, when the cause was on trial, to bring up an issue not contemplated by the parties at pretrial conference. If so, the counterclaim might have been dismissed because of the default of counsel in failing to make full disclosure. It must be noted that, at the time of the colloquy, counsel for Island protested that the issue had been mentioned at the conference. We do not rule upon these questions. Judgment for Perez against Island was entered in the sum of $7,873.31 by the court, based upon findings and conclusions.

■ The crucial defect is that the judgment makes no mention of the counterclaim. There is no disposition thereof. The counterclaim is not dismissed. Relief is not denied thereon by the judgment. There is a paragraph in the conclusions of law which may refer to the subject matter of the counterclaim. It is there stated that this claim "was not within the issues of the case and the court makes no determination thereof." This expression was not, however, part of the judgment. Even if the paragraph were an integral part of the judgment, the trial court has no authority to refuse to decide a validly pleaded counterclaim to which there is an answer by such a disclaimer.

■ The judgment did not comply with the provisions of Rule 54(b), Federal Rules of Civil Procedure, 28 U.S. C.A. There was no judgment disposing of the counterclaim. There was no certificate or finding as required by this Rule.[1]

---

1. "Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or

It has been lately a consistent policy of this Court to dismiss an appeal where there has not been compliance with the provisions of Rule 54(b).[2] It is obvious that such a dismissal might be founded upon any one of a variety of reasons. First, it might be apparent on the face of the entry that it could not be a "final order," as prescribed by the statute.[3] If so, there would be no jurisdiction. Next, the order or judgment might be plainly interlocutory. In such case, unless it were one of the interlocutory orders from which an appeal is specially authorized,[4] the bar of lack of jurisdiction would be absolute. On the other hand, if the certificate were omitted, through neglect or through a misunderstanding of the necessity therefor, the defect may be purely procedural in character. The correction thereof may be utterly ritualistic in nature. It may consist only of the addition of the cabalistic formula outlined in the Rule. The text and substance of the judgment may not be varied otherwise. The rights of the parties may be identical. The judgment may have been final in all respects, but the procedural requirement was not present.

■ ■ It results that it may be dangerous to determine at this stage whether the basis of dismissal of an appeal be jurisdictional or simply procedural. It suffices to entertain the appeal and to dismiss on the ground that there has been no compliance with the provisions of Rule 54(b). The appeal should always be dismissed, since this provision is not only for the benefit of litigants, but for the protection of the court against multiple appeals in a single cause.[5] We particularly now disapprove of the practice of holding such an appeal in abeyance and in effect directing the trial judge to enter a nunc pro tunc order certifying "that no just reason for delay exists."[6] By our dismissal of the appeal, the discretion of the trial judge is not destroyed. If there has indeed been a mere clerical misprision, the error may be corrected. The rights of the parties will not have changed. The court may on motion, in its direction, prevent new appeals from being unduly burdensome. Upon remand, there is no desire on our part to bind the learned trial judge to any course of action. The District Court is free to grant a new trial or take any action that may be desired in the premises, including the mere addition of the requisite certificate.

The responsibility lies upon appellant to see that the order appealed from is procedurally impervious. He must have

---

more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." Rule 54(b), Federal Rules of Civil Procedure.

2. Matanuska Valley Lines, Inc. v. Neal, 9 Cir., 229 F.2d 136; Walter W. Johnson Co. v. Reconstruction Finance Corporation, 9 Cir., 223 F.2d 101; Russell v. Texas Co., 9 Cir., 211 F.2d 740; Burkhart v. United States, 9 Cir., 210 F.2d 602; Kam Koon Wan v. E. E. Black, Limited, 9 Cir., 182 F.2d 146.

3. 28 U.S.C.A. § 1291.

4. 28 U.S.C.A. § 1292.

5. "We think * * * that the rule should not be considered as curtailing appellate jurisdiction but rather as one fixing the procedure of the district court as to conditions affecting terms upon which an appeal may be taken in advance of a determination of the entire case." Winsor v. Daunit, 7 Cir., 179 F.2d 475, 478.

6. A glaring example of the abuse of its power by an appellate court is found in Kaufman & Ruderman, Inc. v. Cohn & Rosenberger, 2 Cir., 177 F.2d 849, 850, where the judgment was affirmed but ten days was extended for the District Judge to make the requisite certificate, in which event the "order of affirmance will stand; otherwise, the appeal will be dismissed."

the District Judge upon record. The certificate does not necessarily prove the order has finality, but it shows the District Judge has completed consideration of that phase of the situation. The minimum penalty for failure of appellant to assure conformity to the Rule is dismissal of the appeal.

It is impossible for this Court to know whether, upon trial of the counterclaim, the trial judge might be moved to alter the terms of the present entry. It may be the District Court will simply add the certificate and this Court, upon a new appeal, will find the judgment a finality and adjudicate the merits. In event there is a mere clerical omission, upon a new appeal the parties may apply for relief.[7] But this appeal should be dismissed because of failure of the entry to conform to this clause of the Rule.

Appeal dismissed.

---

7. See Walter W. Johnson Co. v. Reconstruction Finance Corporation, 9 Cir., 223 F.2d 101; Burkhart v. United States, 9 Cir., 210 F.2d 602.