**John C. CHACON, Jr.,
Plaintiff-Appellant,**

v.

**Richard A. BABCOCK, United States Marine Corps and United States of America, Defendants-Appellees.**

**No. 79–4174.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1980.

Decided Feb. 17, 1981.

Charles E. Springer, Reno, Nev., on brief, Laurence McNabney, Reno, Nev., argued, for plaintiff-appellant.

Shirley Smith, Asst. U. S. Atty., Reno, Nev., for defendants-appellees.

Before HUG and CANBY, Circuit Judges, and EAST,* District Judge.

EAST, Senior District Judge:

Chacon appeals from the District Court's order granting summary judgment for the Government and the Clerk's judgment entered thereon in an action arising under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* We note a lack of jurisdiction for want of a final appealable order, and dismiss this appeal. 28 U.S.C. § 1291.

*PROCEEDINGS IN THE DISTRICT COURT*

Chacon's complaint alleges that Babcock, a Marine Sergeant, negligently collided

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

with the rear of Chacon's automobile while driving a Marine Corps jeep on a public highway, causing damage. Chacon's original complaint asserted the Government was liable under the doctrine of respondeat superior. The Government moved for summary judgment, claiming that Babcock was acting outside the scope of his employment at the time of the accident, precluding governmental liability.

On August 24, 1978, the parties stipulated that Chacon could file an amended complaint alleging a "Second Claim for Relief." In this claim, Chacon asserted that the Government was directly liable for the accident on the theory of negligent entrustment of the Marine Corps jeep to Babcock. The District Court ordered the amended complaint filed on September 11, 1978. The Government did not seek to amend or extend its motion for summary judgment to attack Chacon's second claim for relief.

On January 17, 1979, the District Court entered its "Findings of Fact, Conclusions of Law and Order" granting the Government's motion for summary judgment on Chacon's original complaint. The judgment was filed by the District Court Clerk the same day.[1] Chacon filed his notice of appeal on January 26, 1979, seeking review of this judgment and order. Neither party requested, and the District Court did not issue, a certificate under Fed.R.Civ.P. 54(b).

### DISCUSSION

A perusal of the District Court's findings, conclusions, and order granting the summary judgment reveals that consideration was focused and directed solely upon Chacon's original allegations of respondeat superior liability. Although Chacon's negligent entrustment claim was of record in the court, it was not considered in the District Court's ruling. We must, therefore, conclude that Chacon's second claim for relief remains a live cause still pending in the District Court as part and parcel of Chacon's action, and the District Court's order actually constituted a grant of partial summary judgment.

Federal Rule of Civil Procedure 54(b), entitled "Judgments upon Multiple Claims . . .," explicitly states:

"When more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims . . . .*" Fed.R.Civ.P. 54(b). (Emphasis supplied).

Without a Rule 54(b) certification, orders granting partial summary judgment are non-final. Absent special circumstances not present here, this Court does not have jurisdiction to hear appeals from such orders. *Strozier v. General Motors Corp.*, 584 F.2d 755 (5th Cir. 1978); *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2d Cir. 1963). *See* 10 Wright & Miller, Federal Practice and Procedure, § 2715.

We hold that this Court is without appellate jurisdiction to entertain Chacon's appeal under 28 U.S.C. § 1291. The appeal is dismissed.

APPEAL DISMISSED.

---

1. It is noted that the summary judgment entered by the Clerk reads, *inter alia*, "the Court having rendered its Findings of Fact, Conclusions of Law and Order Granting Summary Judgment [those referred to above] . . . adjudged that the plaintiff take nothing by reason of his complaint filed herein, and that said complaint [containing only plaintiff's first cause for relief] be, and it is hereby, dismissed with prejudice; . . . ."