956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Steve DIXON, Plaintiff-Appellant,
v.
CORRECTIONS DEPARTMENT, STATE OF CALIFORNIA; Robert Borg,
Warden, et al.; Deborah Ablin, M.D., individually and in
her official capacity as an employee of the Regents of the
University of California, Defendants-Appellees.
 No. 91-15583.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 2, 1992.
 
 Before CANBY, WILLIAM B. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Steve Dixon, a California state prisoner, appeals pro se and in forma pauperis the district court's order dismissing his 42 U.S.C. § 1983 civil rights action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief can be granted.[1] Dixon contends the defendants violated his civil rights because they (1) were deliberately indifferent to his medical needs; (2) exposed him to dangerous work conditions; and (3) retaliated against him in his work assignment for asserting his right to medical attention. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Swift v. Lewis, 901 F.2d 730, 732 (9th Cir.1990), and affirm.
 
 
 3
 * Deliberate Indifference to Medical Needs
 
 A. Failure to Diagnose and Treat Injuries
 
 4
 Dixon contends that defendants Ablin, Neubert, and Murphy were deliberately indifferent because they failed to diagnose and treat the injuries Dixon suffered when he fell. This contention lacks merit.
 
 
 5
 The fact that the defendants failed to treat Dixon's injuries cannot alone support a deliberate indifference claim. Because Dixon has not alleged any other act or failure to act by the defendants which evidences the alleged deliberate indifference, the district court correctly dismissed Dixon's claims against them. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir.1981) (per curiam).
 
 B. Delay in Providing Proper Treatment
 
 6
 Dixon contends defendant Borg was deliberately indifferent because Borg denied and unreasonably delayed Dixon's access to proper medical treatment. Dixon alleged, however, that his requests for treatment by nonprison doctors were denied by prison staff members, not Borg. Although he also alleged that Borg failed to investigate his medical problems, he did not allege that Borg knew further investigation was necessary. Because Dixon's allegations do not show that Borg either participated in or directed any alleged constitutional violation or that Borg knew of a violation and failed to prevent it, the district court properly dismissed the claim of deliberate indifference against Borg. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 7
 Dixon contends that defendants Lima, Textor, and Reagan were deliberately indifferent because they delayed his proper medical treatment. He alleged the delay in treatment caused him additional harm in the form of pain and his subsequent "blackout" due to heart problems. Nevertheless, Dixon's allegations do not show that these defendants knew of his injuries. Thus, even accepting Dixon's allegations as true, he has not stated a deliberate indifference claim against these defendants. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (prison officials were aware plaintiff was suffering from severe pain and bleeding gums caused by loss of dentures); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam) (officials knew plaintiff required knee surgery; delay resulted in permanent impairment).
 
 II
 Exposure to Dangerous Work Conditions
 
 8
 Dixon contends that defendant Borg and a "John Doe" defendant violated his civil rights by exposing him to dangerous work conditions. He alleged that these defendants failed to maintain the grill gate he had been holding on to, and which broke, when he fell. He also alleged the defendants knew the gate was corroded.
 
 
 9
 Beyond these conclusory statements, Dixon again fails to allege any specific act or failure to act on the part of Borg for which Borg can be held liable under section 1983. See Taylor, 880 F.2d at 1045. Moreover, even if we accept "John Doe" as a proper defendant in this case, Dixon has not alleged any act or failure to act on that person's part that would amount to more than mere negligence. Because a claim under section 1983 cannot be founded on a theory of negligence, the district court properly dismissed this claim. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Redman v. County of San Diego, 942 F.2d 1435, 1440 (9th Cir.1991), cert. denied, 60 U.S.L.W. 3520 (U.S., Jan. 27, 1992) (No. 91-940).
 
 III
 Retaliation in Work Assignment
 
 10
 Dixon contends defendant Larsen violated his civil rights by firing him from his prison job for asserting his legal rights. Dixon alleged, however, that he appealed the decision to fire him to a prison classification committee. The committee reinstated him to his job because there was no misconduct on Dixon's part. After his reinstatement, Dixon left his job voluntarily.
 
 
 11
 These allegations do not state a claim of retaliation cognizable under section 1983. Dixon's right to be free of retaliation was vindicated by the prison committee. The fact that Larsen assigned Dixon office duties after his reinstatement does not support Dixon's claim because he has no constitutional right to work at a particular job. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985). Accordingly, the district court correctly dismissed this claim.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed Dixon's action as to defendants Borg, Ablin, Neubert, Murphy, and Larsen for failure to obey the court's orders. We nevertheless reach the merits of his claims against these defendants because the district court's November 29, 1990 order, which dismissed Dixon's claims against them, was not a final, appealable order. See Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir.1981). Even though Dixon did not designate the November 29 order in his notice of appeal, he raised issues on appeal relating to that order. The defendants had notice of and have fully briefed the issues and therefore are not prejudiced by our consideration of them. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421-23 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990)