981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allison CHAPMAN, Plaintiff-Appellant,
v.
STATE OF ARIZONA; City of Mesa, a Municiapl Corporation;
Harold Reeb; Lee Allred, Defendants-Appellees.
 No. 92-15816.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 24, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allison Chapman appeals pro se the district court's order denying her motion for a preliminary injunction in her 42 U.S.C. § 1983 action against the State of Arizona, the Arizona Department of Transportation, the City of Mesa, and various city officials. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).[1] We affirm.
 
 
 3
 We review the district court's order for abuse of discretion and to determine if the court based its decision on an erroneous legal standard or on clearly erroneous findings of fact. Religious Technology Center, Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989) (citation omitted). We review de novo the issues of law underlying the district court's decision. Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 600 (9th Cir.1991).
 
 
 4
 A party seeking a preliminary injunction "must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in their favor." Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir.1991).
 
 
 5
 Following a traffic accident in 1990, Chapman was cited for, among other things, failure to provide proof of financial responsibility, a violation of Ariz.Rev.Stat.Ann. § 28-1253D. The City of Mesa Municipal Court fined Chapman $342.50. When Chapman failed to pay the fine, her driver's license was suspended. In 1991, Chapman again was cited for violating section 28-1253D. This time she failed to pay a $390.00 fine and her license again was suspended.
 
 
 6
 After initiating this action in the district court, Chapman filed an emergency motion requesting "an injunction against the City of Mesa and the State of Arizona from doing anything further to harras [sic] the plaintiff." Chapman also requested an order directing the State to lift the suspension of her driver's license.
 
 
 7
 The district court denied Chapman's motion, finding that she failed to present any evidence of harassment and therefore failed to show either a likelihood of success on the merits or the probability of irreparable harm with respect to that claim. The court also found there was no evidence that Chapman was denied due process when her license was suspended. Finally, the court found that Chapman failed to show that her complaint raised serious legal questions or that the balance of hardships tipped sharply in her favor.
 
 
 8
 We agree with the district court that Chapman has failed to show a likelihood of success on the merits of her claims. "[T]he Due Process Clause applies to the deprivation of a driver's license by the State." Dixon v. Love, 431 U.S. 105, 112 (1977). Under Arizona state law, when a person denies the allegations of a traffic complaint against them, the court must set the matter for hearing. Ariz.Rev.Stat.Ann. § 28-1076C. "All such hearings are informal and without a jury." Id.; see Taylor v. Sherrill, 169 Ariz. 335, 341, 819 P.2d 921, 927 (1991) (en banc). Ariz.Rev.Stat.Ann. § 28-1080A expressly provides that failure to pay a civil sanction within thirty days from entry of judgment may result in suspension of the violator's driver's license.
 
 
 9
 The record shows that for each of her section 28-1253D violations, Chapman was given an opportunity for a hearing in municipal court as required by section 28-1076C.[2] Chapman appeared at the first hearing and deliberately failed to appear at the second.
 
 
 10
 Chapman contends that her due process rights were violated nonetheless because she was not allowed to present her defense that the City of Mesa traffic investigators who cited her for violating section 28-1253D are not "law enforcement officers."[3] Resolution of this issue would require this court, and the district court, to review the proceedings before the municipal court. This we cannot do because the lower federal courts lack jurisdiction to act as appellate tribunals over state courts. See Worldwide Church of God v. McNair, 805 F.2d 888, 890-91 (9th Cir.1986) ("[t]his doctrine applies even when the challenge to the state court decision involves federal constitutional issues"). For the same reason, we cannot reach Chapman's contention that the fines imposed by the municipal court exceeded statutory limits or are unconstitutional. See id.
 
 
 11
 Finally, Chapman's claim of harassment appears to arise solely from the fact that her driver's license has twice been suspended. Because the suspensions appear to be proper under Arizona law, it is unlikely that Chapman would prevail on the merits of this claim.
 
 
 12
 We also agree with the district court that Chapman has failed to demonstrate that serious legal questions exist in this case. Accordingly, although the balance of hardships favors Chapman, the district court did not abuse its discretion by denying Chapman's request for preliminary injunction. See Religious Technology Center, Church of Scientology Int'l, Inc., 869 F.2d at 1309.
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also granted the State of Arizona's and the Arizona Department of Transportation's motion to dismiss Chapman's action on the ground the action was barred by the eleventh amendment to the United States Constitution. We lack jurisdiction to review that portion of the district court's order because it does not resolve all claims as to all parties in the action and the district court did not certify the order as final pursuant to Fed.R.Civ.P. 54(b). See Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir.1981)
 
 
 [2]
 Violations of section 28-1253D are defined as civil traffic violations. Ariz.Rev.Stat.Ann. § 28-1253D
 
 
 [3]
 Section 28-1253D provides that proof of financial responsibility must be shown to a "law enforcement officer." Ariz.Rev.Stat.Ann. § 281253D
 
 
 [4]
 Chapman also contends that the State's mandatory auto insurance scheme is unconstitutional because it discriminates against economically disadvantaged persons. Because Chapman is raising this issue for the first time on appeal, we decline to consider it. See Vincent v. Trend W. Technical Corp., 828 F.2d 563, 570 (9th Cir.1987)