28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INDUSTRIAL SERVICES COMPANY, formally doing business as
Pacific Systems Company, Plaintiff/cross-defendant-Appellee,
v.
RJW CONSTRUCTION COMPANY, INC., Defendant/counter-claimant-Appellant.
 No. 93-56101.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 17, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 RJW Construction Company ("RJW") appeals the district court's dismissal of its counterclaims against Industrial Services Company ("Industrial"). We dismiss the appeal for lack of jurisdiction.
 
 
 3
 RJW, a general contractor, entered into an agreement with Industrial, a subcontractor, for the construction of a roofing system on a building owned by the Department of the Navy. After a dispute arose, Industrial filed a complaint against RJW alleging violations of the Miller Act, 40 U.S.C. Sec. 270(b). In its answer, RJW asserted various state-law counterclaims against Industrial.
 
 
 4
 Under 28 U.S.C. Sec. 1291, this court has jurisdiction to hear appeals from all "final decisions" of district courts. Where a district court's order dismisses some, but not all, of the claims, it is not a "final decision." See Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir.1981); Walter W. Johnson Co. v. Reconstruction Fin. Corp., 223 F.2d 101, 102 (9th Cir.1955) (district court's decision dismissing defendant's counterclaims without adjudicating plaintiff's claims was not final and appealable).
 
 
 5
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, ... the [district] court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). Rule 54(b) expressly "treats counterclaims, whether compulsory or permissive, like other multiple claims." Cold Metal Process Co. v. United Eng'g & Foundry Co., 351 U.S. 445, 452 (1956). Absent Rule 54(b) certification, however, orders adjudicating less than all of the claims or counterclaims are not final. Fed.R.Civ.P. 54; Chacon, 640 F.2d at 222.
 
 
 6
 Here, the district court's order dismissed RJW's counterclaims, but it did not adjudicate Industrial's claims against RJW brought under the Miller Act. Because these claims remain before the district court, the court's dismissal of the counterclaims is not a "final decision." See id.; Walter W. Johnson Co., 223 F.2d at 102. Moreover, although the district court requested and received a memorandum from RJW with respect to the certification of the counterclaim issue under Rule 54(b), the district court never granted such certification. See Fed.R.Civ.P. 54(b). Because there is neither a final decision that is appealable to this court under 28 U.S.C. Sec. 1291 nor a Rule 54(b) certification, we dismiss RJW's appeal for lack of appellate jurisdiction. See id.; Chacon, 640 F.2d at 222.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3