62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry SMITH, aka Sabil M. Mujahid, Plaintiff-Appellant,
v.
Shelley NOBRIGA, Darryl Ng; Nolan Uehara; Michael Mindoro;
John Smythe and Richard Mello, Defendants-Appellees.
 No. 93-16917.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hawaii state prisoner Terry Smith, a.k.a. Sabil M. Mujahid, appeals pro se the district court's summary judgment for defendant prison officials in his 42 U.S.C. Sec. 1983 civil rights action. Smith alleged that defendants violated his constitutional rights by (1) denying him due process in connection with a disciplinary hearing, (2) retaliating against him for rendering legal assistance to another inmate and for filing lawsuits against correctional officers, and (3) punishing him for violating an unconstitutionally vague prison rule. We dismiss for lack of jurisdiction because the district court has not entered a final appealable order dismissing this action. See Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir. 1981).
 
 
 3
 "It is axiomatic that orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders under section 1291." Cheng v. Commissioner, 878 F.2d 306, 309 (9th Cir. 1989). "Without a Rule 54(b) certification, orders granting partial summary judgment are non-final." Chacon, 640 F.2d at 222; see also Fed. R. Civ. P. 54(b).
 
 
 4
 Here, the district court adopted in part and modified in part the magistrate judge's report recommending that defendants' motion for partial summary judgment be granted and that Smith's cross-motion for summary judgment be denied. In his report and recommendation, after denying Smith's cross-motion for summary judgment on the retaliation claim, the magistrate judge noted that "[d]efendants have not moved for summary judgment on this issue. Therefore, even if this Court would be inclined to grant such a motion, it cannot do so at this time." In its order adopting the magistrate judge's report and recommendation, the district court stated that "[t]he Magistrate's findings and recommendations on the issues of vagueness of regulations, retaliation, and immunity have not been objected to by either party and are hereby adopted by this Court." Because the district court adopted the magistrate judge's report and recommendation without separately resolving Smith's retaliation claim, that claim remains outstanding.
 
 
 5
 A review of the record indicates that the district court did not certify this appeal under Rule 54(b). Because this court does not have jurisdiction over orders granting partial summary judgment, absent certification or other circumstances not present here, we dismiss this appeal. Chacon, 640 F.2d at 222.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3