87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vera Armstrong CHERRY, Plaintiff-Appellant,
v.
ROCKING HORSE RIDGE ESTATES ASSOCIATION; R. Joe Jenkins;
Carla Moore; Cindy Schaldenbrand; Aviva Goelman; Kay
Cantrell; Steve Keiser; County of Orange; Royal TRC,
d/b/a Royal Health Care Center; United Western Medical
Center; Carole Lipinski; Cheri Blanchard; Fiore,
Nordberg, Walker & Woolf-Willis, Defendants-Appellees.
Vera Armstrong CHERRY, Plaintiff-Appellee,
v.
Kay CANTRELL; Fiore, Nordberg, Walker & Woolf-Willis,
Defendants-Appellants,
and
Rocking Horse Ridge Estates; R. Joe Jenkins; Carla Moore;
Cindy Schaldenbrand; Aviva Goelman; Steve Keiser; County
of Orange; Royal TRC, d/b/a Royal Health Care Center;
United Western Medical Center; Carole Lipinski; Cheri
Blanchard, Defendants.
 Nos. 94-56629, 94-56716.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vera Armstrong Cherry appeals pro se the district court's judgment in favor of the County of Orange and other defendants in Cherry's 42 U.S.C. § 1983 action regarding her involuntary civil commitment for psychiatric evaluation under Cal. Welf. & Inst. Code § 5150. Certain defendants cross-appeal the district court's denial of their motion for attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 Our de novo review of the entire record reveals that the district court properly granted summary judgment on Cherry's 1983 claims against defendants Carole Lipinski, Kay Cantrell, and the law firm of Fiore, Nordberg, Walker & Wolf-Willis, because there was no evidence to support Cherry's allegation that these private parties were involved in a conspiracy with the County of Orange to violate Cherry's constitutional right to liberty and privacy. See Howerton v. Gabica, 708 F.2d 380, 382-83 (9th Cir.1983) (action by private individuals is not action under color of state law as required under § 1983 where there is no "significant" state involvement in the action).
 
 
 4
 The district court properly dismissed with prejudice defendant Rocking Horse Ridge Estates Association and the five individual Association members because it appeared beyond doubt that Cherry could prove no set of facts to support her claim that these defendants violated her constitutional rights. See Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).
 
 
 5
 The district court also properly granted summary judgment on Cherry's 1983 claim against the County of Orange because the undisputed evidence demonstrated that probable cause existed to detain Cherry for an emergency 72-hour psychiatric hold. See Maag v. Wessler, 960 F.2d 773, 775-76 (9th Cir.1991); People v. Triplett, 192 Cal.Rptr. 537, 540-41 (1983) (to constitute probable cause to detain a person under § 5150 of the Welf. & Inst. Code, "a state of facts must be known to the [authorized person] that would lead a person of ordinary care and prudence to believe, or to entertain a strong suspicion, that the person detained is mentally disordered and is a danger to himself or herself or is gravely disabled"). In any event, even if there was a disputed issue of fact regarding the constitutionality of the treatment decisions made by county officials, summary judgment was properly granted because Cherry failed to introduce evidence that the treatment decisions were made pursuant to county policy, practice or custom. See Monell v. New York City Department of Social Services, 436 U.S. 658, 690-94 (1978).
 
 
 6
 Summary judgment was properly granted on Cherry's claims against United Western Medical Centers and Royale TRC (two private facilities that treated Cherry) because, even assuming that their treatment of Cherry constituted conduct under color of state law for purposes of § 1983, Cherry failed to proffer any evidence that the allegedly unconstitutional treatment was performed according to policies, customs or practices of the county. See id.
 
 
 7
 The district court's denial of defendants' motion for attorneys' fees is affirmed for the reasons set forth in the district court's October 18, 1994 order.
 
 
 8
 Cherry's request for sanctions made in her opening brief is denied.
 
 
 9
 Defendant Royal TRC's request for sanctions is denied.
 
 
 10
 Cherry's motion to refile her reply brief to cite supplemental authorities is denied. See Fed.R.App.P. 28(j).
 
 
 11
 The motion of defendant Jenkins for enlargement of time to file joinder in co-appellees' answering brief is granted.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the request of cross-appellant Cantrell for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants' argument that Cherry's notice of appeal was untimely because her motion for a new trial was late is without merit. Judgment was entered on August 30, 1994. Cherry's Rule 59 motion for a new trial, filed on September 13, 1994, was timely because it was filed within 10 days of entry of judgment, excluding weekends as provided by Fed.R.Civ.P. 6(a). Also without merit is the argument that Cherry should have filed a notice of appeal from the district court's March 15, 1994 order dismissing certain defendants with prejudice. Because this order did not determine all of the claims or rights and liabilities of all parties, it was not a final order from which an appeal could be taken. See Fed.R.Civ.P. 54(b); Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir.1981)