Kitrich A. POWELL, Plaintiff—
Appellant,

v.

E.K. MCDANIEL, et al., Defendants—
Appellees.

Kitrich A. Powell, Plaintiff—Appellee,

v.

E.K. McDaniel, et al., Defendants—
Appellants.

Nos. 02–15465, 02–15484.
D.C. No. CV–98–00523–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2003.*

Decided March 26, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**2**

Before RYMER, KLEINFELD, and PAEZ, Circuit Judges.

### MEMORANDUM**

Kitrich A. Powell, an inmate at Nevada's Ely State Prison, appeals the dismissal of all claims but a claim for retaliation in his 42 U.S.C. § 1983 action. E.K. McDaniel, Dwight Neven, Gilbert Cunningham, Gerald Thompson, Scotty Neads, and Becki Lopez (collectively "prison officers"), cross-appeal from a judgment entered following a jury trial on Powell's retaliation claim. We have jurisdiction pursuant to

** This disposition is not appropriate for publication and may not be cited to or by the

28 U.S.C. § 1291. We affirm the judgment in Powell's favor on his retaliation claim. We also affirm without prejudice the district court's dismissal of Powell's claim that his out-going mail to counsel was diverted, and we affirm the dismissal of his remaining § 1983 claims with prejudice.

### I

On April 8, 1999, the magistrate judge issued a "screening" order pursuant to 28 U.S.C. § 1915(e)(2)(B) dismissing Counts II, II–A, II–B, III–A and III–B of Powell's complaint. After Powell moved for clarification, the magistrate judge issued a report and recommendation on July 13, 1999, which recommended that the district judge construe his screening order as a report and recommendation, providing Powell an opportunity to file specific written objections. The July 13, 1999 report and recommendation also recommended that the district judge grant the prison officers' motion for judgment on the pleadings with respect to paragraphs one through four of Count III; this the district court did by minute order dated August 3, 1999. However, the district court never acted on the recommendation that it construe the screening order as another report and recommendation, nor did it ever enter an order dismissing any counts of the complaint, which it was required to do since the magistrate judge lacks power to enter a dispositive order. *See* 28 U.S.C. § 636. This would ordinarily mean that there is not a final judgment for us to review since there are still claims pending before the district court, and thus, that we would lack appellate jurisdiction. *See Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir.1981) (holding that summary judgment order that does not dispose of all claims between

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

parties does not confer appellate jurisdiction because it is not a final decision under 28 U.S.C. § 1291).

■ In this case, however, it is clear from the district court's memorandum decision and order denying the prison officers' summary judgment motion on the retaliation claim that it believed only the retaliation claim remained to be decided while all of Powell's other claims had been dismissed. The district court noted that the magistrate judge screened Powell's initial complaint and that "[a]ll but one cause of action were dismissed." The district court further explained that claims from Counts I and III of Powell's complaint "were combined and allowed to go forward as a single count of retaliation.... All other claims in the complaint were dismissed." Because the district court believed it had previously dismissed all claims but Powell's retaliation claim and it intended the jury verdict on the retaliation claim to dispose of all claims between the parties, we "construe the district court's judgment as an attempt to dispose of all claims in the action, and we find that no practical benefits would accrue from a dismissal for lack of appellate jurisdiction." *The Squaxin Island Tribe v. Washington,* 781 F.2d 715, 719 (9th Cir.1986).

■ In reaching the merits of this issue, the district court did not err by dismissing all claims but Powell's retaliation claim. The facts set out are insufficient to state a claim upon which relief can be granted. However, we cannot say that there is no possibility that a claim could be made out on Powell's conclusory assertion that his out-going mail to counsel was diverted. We affirm the district court's dismissal as to this assertion without prejudice, and affirm its dismissal of all other claims with prejudice.

## II

■ We decline to entertain Powell's argument that the district court should have granted summary judgment in his favor *sua sponte* when it denied the prison officers' motion for summary judgment. This is the equivalent of appealing the denial of a motion for summary judgment, which is not a final, appealable order. *See Padfield v. AIG Life Ins. Co.,* 290 F.3d 1121, 1124 (9th Cir.2002). In any event, although a court has power *sua sponte* to grant summary judgment to a non-moving party, *Kassbaum v. Steppenwolf Prods., Inc.,* 236 F.3d 487, 494 (9th Cir.2000), it has no obligation to do so.

## III

■ Neither argument raised by the prison officers on their cross-appeal from judgment requires reversal. The district court was within its discretion to exclude Powell's prior conviction based on its determination that its prejudicial effect outweighed its probative value, even for purposes of impeachment, under Federal Rule of Evidence 403. The court also acted well within its discretion in denying the prison officers' motion to amend the pretrial scheduling order to allow time to file a motion to dismiss and for partial summary judgment. It is not manifestly unjust to refuse the prison officers an opportunity to argue exhaustion because exhaustion is not jurisdictional, *see Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir.2003), and it is no excuse that the Attorney General's office was too busy to present the issue in a timely fashion. *See* Fed.R.Civ.P. 16(e).

AFFIRMED.