**Milaudi KARBOAU, Plaintiff— Appellant,**

v.

**James LAWRENCE, Police Officer; et al., Defendants—Appellees,**

No. 04–35954.
D.C. No. CV–03–00082–AJB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

Milaudi Karboau, Umatilla, OR, pro se.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**962**

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM**

Milaudi Karboau, an Oregon state prisoner, appeals a partial final judgment entered pursuant to Fed.R.Civ.P. 54(b) in his 42 U.S.C. § 1983 action alleging that various defendants violated his rights during a search of his home and during his criminal trial. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam), and we affirm in part and dismiss in part.

The district court properly entered judgment for defendant Deborah Burdzik because Karboau's allegations failed to state a cognizable claim against Burdzik under 42 U.S.C. § 1983. *See Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir.2003) (en banc) (a public defender performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding does not act under color of state law).

We lack jurisdiction to review the district court's order regarding defendants Pat Callahan and Judge Robert Redding because no final judgment with regard to them was entered pursuant to Fed. R.Civ.P. 54(b). *See Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir.1981) (an order dismissing fewer than all claims is not final and appealable unless it is certified under Fed.R.Civ.P. 54(b)).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

AFFIRMED in part; DISMISSED in part.