**SEVEN–UP/RC BOTTLING COMPANY OF SOUTHERN CALIFORNIA, INC., Plaintiff—Appellee,**

v.

**AMALGAMATED INDUSTRIAL WORKERS UNION, LOCAL 61, NFIU/LIUNA, Defendant—Appellant.**

No. 04–56051.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided June 5, 2006.

James A. Bowles, Esq., Hill, Farrer & Burrill LLP, Los Angeles, CA, for Plaintiff–Appellee.

Kenneth C. Absalom, Esq., Nevin & Absalom, San Francisco, CA, for Defendant–Appellant.

Before: PREGERSON, LEAVY, Circuit Judges, and BEISTLINE,* District Judge.

MEMORANDUM **

Amalgamated Industrial Workers Union, Local 61, NFIU/LIUNA ("AIWU") appeals from the district court's interlocutory order denying its motion to compel arbitration. The district court relied on *Standard Concrete Products, Inc. v. General Truck Drivers, Office, Food and Warehouse Union, Local 952*, 353 F.3d 668 (9th Cir.2003), to hold that the collective bargaining agreement did not require the employer to submit its claim to arbitration. We dismiss for lack of jurisdiction.

Generally, an appeal cannot be taken from an interlocutory order. *See, e.g., Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir.1981). However, the Federal Arbitration Act provides that an appeal may be taken from an order denying a petition to order arbitration. 9 U.S.C. § 16(a) (1999). This right of appeal does not apply "to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce," *id.* § 1, including contracts of employment of transportation workers, *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Members of AIWU include

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Semi–Drivers, Pre–Sales Delivery Drivers, Fountain/Vending Delivery Drivers, and a Utility Driver, all of which are transportation workers. Accordingly, because the contract between the parties included transportation workers, AIWU does not have a right to appeal the district court's order under the FAA.[1]

Because we lack jurisdiction, we do not address the merits of AIWU's appeal.

**DISMISSED.**

---

1. Because the transportation worker exception applies, the Court need not and does not decide whether the FAA applies to collective bargaining agreements.