Martha SLAUGHTER–PAYNE, Plaintiff—Appellant,

v.

by 9th Cir. R. 36–3.

James B. PEAKE,* Secretary, Department of Veterans Affairs, Defendant—Appellee.

No. 07–15749.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Dec. 2, 2008.

Rosval Ardis Patterson, Esquire, Patterson & Associates PC, Phoenix, AZ, for Plaintiff–Appellant.

Dana Heck, Esquire, Department of Veteran Affairs, Phoenix, AZ, Lon R. Leavitt, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: GOODWIN, KLEINFELD and IKUTA, Circuit Judges.

### MEMORANDUM **

We dismiss Martha Elizabeth Slaughter–Payne's (Slaughter–Payne) appeal for lack of jurisdiction. *See* 28 U.S.C. § 1291. Slaughter–Payne filed a first amended complaint, asserting four claims. She then moved for leave of the court to file a second amended complaint, dropping one claim and adding a new claim for bad faith spoliation. While the motion to amend the complaint was pending, both parties moved for summary judgment on the first amended complaint. The district court granted Slaughter–Payne's motion to file the second complaint. It subsequently granted the government's motion for summary judgment on the first complaint. The district court's order did not refer to the newly added claim of bad faith spoliation. We were confronted with the same sequence of events in *Chacon v. Babcock,* 640 F.2d 221, 222 (9th Cir.1981), and concluded that we must dismiss such an appeal because the order dismissing only some of the claims was not a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. We similarly lack jurisdiction over this appeal because the bad faith spoliation claim remains pending before the district court. If another appeal is filed in this case, the clerk is directed to refer it to this panel.

**APPEAL DISMISSED.**

---

* James B. Peake is substituted for his predecessors as Secretary, Department of Veterans Affairs. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.