MEMORANDUM *
Horaney appeals from the district court’s summary judgment in favor of ap-pellees and the assessment of attorneys’ fees and costs against him. Hyman appeals from the district court’s attorneys’ fees and costs order against him pursuant to 28 U.S.C § 1927. The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We do not have jurisdiction over Hora-ney’s claims, and we dismiss them for lack of appellate jurisdiction. We have jurisdiction over the Hyman fees and costs order pursuant to 28 U.S.C. § 1291, and we affirm.
The district court did not consider or adjudicate Horaney’s claims of conversion and violation of California’s Unfair Debt Collection Practices Act in either the summary judgment order or the judgment. This court has “jurisdiction of appeals from all final decisions of the district courts.” 28 U.S.C. § 1291. Absent certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, summary judgment on less than all claims is not a final decision. Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir.1981). The claims of conversion and violation of California’s Unfair Debt Collection Practices Act are distinct from the claim regarding the debt due to appellees. These claims remain alive, and the district court’s order constituted entry of partial summary judgment. See id. The assessment of attorneys’ fees and costs against Horaney is an inseparable part of his appeal. See Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 948 F.2d 556, 567 (9th Cir.1991). We therefore lack appellate jurisdiction as to both of Horaney’s claims, and we dismiss them. See Chacon, 640 F.2d at 222.
We have appellate jurisdiction over Hy-man’s appeal because “[a]n order imposing a sanction upon counsel, a non-party, is final and appealable by the person sanctioned, when imposed.” Mesirow v. Pepperidge Farm, Inc., 703 F.2d 339, 345 (9th Cir.1983). The district court did not abuse its discretion in sanctioning Hyman for unreasonably and vexatiously multiplying the proceedings. See 28 U.S.C. § 1927.
The district court found that Hyman had acted in bad faith. See In re Keegan Mgmt. Co., Secs. Litig., 78 F.3d 431, 436 (9th Cir.1996) (section 1927 sanctions require a finding of recklessness or bad faith). Contrary to Hyman’s assertions, the district court’s bad faith finding was not made sua sponte because the district court made the finding after considering appellees’ motion for sanctions against counsel. Therefore, Hyman had an opportunity to respond and was not deprived of due process. Except for the finding that Hyman filed a merit less initial complaint, the district court specified proper reasons for finding that Hyman vexatiously and unreasonably multiplied the proceedings in this case, for example, by filing meritless *654 defenses in his answer and opposition to appellees’ motion for summary judgment, and by acting for the sole purpose of delay. These acts provide adequate support for the sanctions. See Estate of Bias v. Winkler, 792 F.2d 858, 860 (9th Cir.1986).
The district court did not abuse its discretion in calculating the portion of attorneys’ fees Hyman must pay. The district court was allowed to consider events that occurred prior to the transfer of the case from the California district court to the Nevada district court because it was not a removal from state court. Cf. GRiD Sys. Corp. v. John Fluke Mfg. Co., 41 F.3d 1318, 1319-20 (9th Cir.1994). The district court did not abuse its discretion by estimating the percentage of fees generated by Hyman’s identified vexatious filings and conduct.
DISMISSED in part for lack of jurisdiction; AFFIRMED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.