NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER J. McDANIELS, | No. 17-35275 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05943-BHS-DWC |
| v. | |
| BELINDA STEWART, Religious Programs Manager; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted October 23, 2017**

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Washington state prisoner Peter J. McDaniels appeals pro se from the

district court's order denying his motion for a preliminary injunction in his 42

U.S.C. § 1983 action alleging constitutional and statutory violations arising from

allegedly inadequate Halal meals. We have jurisdiction under 28 U.S.C. § 1292(a).

_____

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion. *Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion by denying McDaniels's third motion for mandatory preliminary injunctive relief because McDaniels failed to establish that absent such relief he is likely to suffer irreparable harm. *See id.* (setting forth standard for issuance of preliminary injunction); *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) (stating that mandatory injunctions are not generally granted "unless extreme or very serious damage will result" (citation and internal quotation marks omitted)).

To the extent that McDaniels challenges any other orders, we lack jurisdiction to consider them in this appeal. *See* 28 U.S.C. § 1292(a)(1) (court has jurisdiction to review on an interlocutory basis the district court's denial of injunctive relief); *see also* 28 U.S.C. § 1291 (generally, court has jurisdiction over appeals from final decisions of the district court only); *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (absent certification under Fed. R. Civ. P. 54(b), an order is not appealable unless it disposes of all claims as to all parties or judgment is entered).

We reject as without merit McDaniels's contention that the district court abused its discretion by imposing page limits on McDaniels's filings.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

McDaniels's motion to include new evidence on appeal (Docket Entry No. 4) is denied.

**AFFIRMED.**