NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANNY JAMES COHEA, | No. 19-16783 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05399-CRB |
| v. | |
| C. E. DUCART; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| EDMUND G. BROWN, Jr., Former Governor; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted April 7, 2020[**]

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

California state prisoner Danny James Cohea appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's order denying his motion for a preliminary injunction in his 42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion by denying Cohea's motion for a preliminary injunction because Cohea failed to demonstrate that such relief is warranted. *See id.* (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest).

To the extent that Cohea challenges any other orders, we lack jurisdiction to consider them in this appeal. *See* 28 U.S.C. § 1292(a)(1) (court of appeals has jurisdiction to review an interlocutory denial of injunctive relief); *see also* 28 U.S.C. § 1291 (generally, court of appeals only has jurisdiction over appeals from final decisions of the district court); *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (absent certification under Fed. R. Civ. P. 54(b), an order is not appealable unless it disposes of all claims as to all parties or judgment is entered).

Cohea's motion to take judicial notice (Docket Entry No. 22) is denied.

**AFFIRMED.**