NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL NERSOYAN, as an individual, | No. 21-55724 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-08109-SVW-MAA |
| v. | |
| COUNTY OF LOS ANGELES, a county corporation, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| COUNTY OF LOS ANGELES SHERIFFS DEPARTMENT, a public entity; JAMES MCDONNELL, individually/in his official capacity; and KENNETH COLLINS, individually/in his official capacity, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 14, 2022**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: RAWLINSON and CHRISTEN, Circuit Judges, and SIMON,*** District Judge.

For the reasons explained below, we dismiss this appeal for lack of appellate jurisdiction under 28 U.S.C. § 1291.

Kenneth Collins (Collins) was a Deputy Sheriff with the Los Angeles County Sheriff's Department (LASD) on May 28, 2014. While wearing his uniform and driving an LASD patrol vehicle, Collins conducted a traffic stop of an associate of Daniel Nersoyan (Nersoyan). During this stop, Collins seized $158,000 in cash that Nersoyan's associate was transporting. After contacting the LASD, Nersoyan was informed that the LASD had no record of any recent traffic stop or seizure of cash by Collins. Nersoyan timely filed tort claim notices.

More than three years later, Collins was arrested on unrelated federal drug charges and admitted in his plea agreement that he illegally seized approximately $160,000 during a traffic stop on May 28, 2014. The FBI informed Nersoyan, who then filed this lawsuit, alleging federal and state claims. Nersoyan sued the County of Los Angeles (the County), the LASD, Sheriff James McDonnell (in both his individual and official capacities), Collins (in both his individual and official capacities), and ten "Doe" defendants.

---

*** The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Nersoyan served the County, which appeared through counsel. Nersoyan also served Collins, who did not respond. Nersoyan never served Sheriff McDonnell in his individual capacity. The district court entered an order to show cause why portions of the case should not be dismissed because Nersoyan: (1) did not serve Sheriff McDonnell in his individual capacity; and (2) had not moved for default against Collins. In response, Nersoyan's counsel explained that his initial "impression" that the County's counsel was defending all defendants had turned out to be incorrect. Nersoyan, however, never served Sheriff McDonnell in his individual capacity and never dismissed Collins or sought a default judgment against him. The district court dismissed all claims against Sheriff McDonnell in his individual capacity.[1]

In July 2020, the district court granted in part the County's motion to dismiss and bifurcated the proceedings to consider only Nersoyan's federal claims under § 1983. In October 2020, the County moved for summary judgment, primarily arguing that Nersoyan's claims were time-barred. The district court

---

[1] A claim against a state or municipal officer in an *official* capacity is treated as a claim against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Even if we ignore the continued presence in this lawsuit of Sheriff McDonnell in his *official* capacity, Collins in his *official* capacity, and the LASD, that would not cure the jurisdictional defect in this case caused by the fact that Collins, who also was served and sued in his *individual* capacity, was never dismissed or defaulted in this case.

agreed, granting summary judgment in favor of the County on Nersoyan's federal claims and declining to exercise supplemental jurisdiction over Nersoyan's state claims. Although the district court did not enter a final judgment or otherwise resolve Nersoyan's claim against Collins in his individual capacity, Nersoyan filed this appeal. Thus, unresolved claims remain against Collins in his *individual* capacity.

A final judgment under 28 U.S.C. § 1291 is "a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994) (citation omitted); *see Patchick v. Kensington Pub. Corp.*, 743 F.2d 675, 677 (9th Cir. 1984) ("When, however, defendants remain in the action upon whom service has been made, we cannot assume that the action is final."). Without certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, an order entering judgment against some, but not all, parties in a lawsuit is not a final order appealable under 28 U.S.C. § 1291. *See* Fed. R. Civ. P. 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."); *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (dismissing appeal for lack of appellate jurisdiction over order granting only partial summary judgment).

The final judgment rule reflected in 28 U.S.C. § 1291 is jurisdictional. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981). "Under § 1291 of the Judicial Code, federal courts of appeals are empowered to review only 'final decisions of the district courts.'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1707 (2017) (quoting 28 U.S.C. § 1291). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009); *see United States v. Storage Spaces Designated Nos. 8 & 49 Located at 277 E. Douglas, Visalia, Cal.*, 777 F.2d 1363, 1365 n.2 (9th Cir. 1985) ("[S]ubject-matter jurisdiction cannot be conceded."). Accordingly, "[i]f the appellate court finds that the order from which a party seeks to appeal does not fall within the statute, its inquiry is over." *Firestone Tire & Rubber Co.*, 449 U.S. at 379. That is the situation here.

**APPEAL DISMISSED.**