## In re BAXTER HEALTHCARE CORPORATION, Gammagard Products Liability Litigation.

Laritza Berrios LOPEZ; Ramon L. Berrios Rodriguez and Carmen Lopez Rosado, individually and on behalf of their minor aged daughter Yaritza Berrios Lopez, Plaintiffs–Appellants,

v.

BAXTER HEALTHCARE CORPORATION, Gammagard Products Liability Litigation, Defendant–Appellee,

and

Plaintiffs' Executive Committee, Intervenor–Appellee.

No. 97–55196.

United States Court of Appeals, Ninth Circuit

Argued and Submitted June 4, 1998.

Decided July 16, 1998.

Guillermo Ramos Luina and Ramon L. Vinas Bueso, Rivera, Tulla & Ferrer, Hato Rey, Puerto Rico, for plaintiffs-appellants.

David R. Venderbush, Brobeck, Phleger & Harrison, Los Angeles, California, for defendants-appellees.

John C. Evans and David J. Manogue, Specter Law Offices, Pittsburgh, Pennsylvania, for intervenor-appellee.

Before FLETCHER, D.W. NELSON, and SILVERMAN Circuit Judges.

## ORDER

Numerous federal lawsuits have been filed against Baxter Healthcare Corporation alleging the defective manufacture of Baxter's product, Gammagard. The Judicial Panel on Multi–District Litigation consolidated all of the lawsuits and transferred them to the United States District Court for the Central District of California solely for coordinated pre-trial proceedings. The cases were assigned to the Honorable Manuel L. Real in Los Angeles.

Judge Real entered a number of pretrial orders in these cases. The one in question is Case Management Order ("CMO") No. 7 in which Judge Real created a "Plaintiffs' Executive Committee" to oversee two funds to which all of the Baxter plaintiffs are required to contribute—a "litigation expense fund" and a "counsel fee fund." Intended as a mechanism to coordinate and share the cost of discovery, CMO No. 7 requires plaintiffs' counsel in each of the consolidated cases to deposit $7,500.00 into the litigation expense fund, and six percent of whatever they recover against Baxter into the counsel fee fund (up to a maximum counsel fee contribution of $75,000.00). The order contains a refund provision that will apply to funds left over at the conclusion of the litigation. Appellants thus far have declined to pay their $7,500.00 litigation expense fund assessment. Appellants do not currently owe any payment to the counsel fee fund. They have appealed the entry of CMO No. 7.

This court lacks jurisdiction over this appeal because CMO No. 7 is not a final decision within the meaning of 28 U.S.C. § 1291. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351

(1978). Like other discovery orders, CMO No. 7 is interlocutory and subject to on-going court modification. *See In re Recticel Foam Corp.,* 859 F.2d 1000, 1003–04 (1st Cir.1988).

The district court did not make a 28 U.S.C. § 1292(b) certification that its order qualifies for interlocutory appeal, nor did it make findings pursuant to Rule 54(b), Fed.R.Civ.P.

Furthermore, CMO No. 7 does not fall within *Cohen v. Beneficial Indus. Loan Corp.'s* "collateral order exception" to the final judgment rule. 337 U.S. 541, 545–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). As stated by the First Circuit in *Recticel,* a case involving a cost-sharing order similar to the one at issue here, to qualify as a collateral order,

> [t]he order must involve: (1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one that is "unfinished" or "inconclusive"; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion.

859 F.2d at 1003–04.

Like the case management order in *Recticel,* CMO No. 7 does not conclusively resolve the issue of the sharing of discovery costs in the consolidated cases. The order remains subject to on-going modification by the district court. It even contains a refund provision.

Furthermore, the order does not constitute a decision on an "important and unsettled question of controlling law" that would justify an interlocutory appeal. The supervision of pre-trial discovery generally is left to the discretion of the trial court. *See Wharton v. Calderon,* 127 F.3d 1201, 1205 (9th Cir.1997). CMO No. 7 is only one of a "potential blizzard of similar orders.... [T]he dangers inherent in piecemeal review of cost-sharing orders far overbalance any realistic possibility of denying justice by a delay in appellate oversight." *Recticel,* 859 F.2d at 1003.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

The appeal is dismissed for lack of jurisdiction. 28 U.S.C. § 1291. *See Chacon v. Babcock,* 640 F.2d 221, 222 (9th Cir.1981).

DISMISSED.