151 F.3d 1148
 In re BAXTER HEALTHCARE CORPORATION, Gammagard Products
Liability Litigation.
Laritza Berrios LOPEZ; Ramon L. Berrios Rodriguez and
Carmen Lopez Rosado, individually and on behalf of
their minor aged daughter Yaritza
Berrios Lopez, Plaintiffs-Appellants,
v.
BAXTER HEALTHCARE CORPORATION, Gammagard Products Liability
Litigation, Defendant-Appellee,
and
Plaintiffs' Executive Committee, Intervenor-Appellee.
 No. 97-55196.
 United States Court of Appeals,
Ninth Circuit
 Argued and Submitted June 4, 1998.
Decided July 16, 1998.
 
 1
 Guillermo Ramos Luina and Ramon L. Vinas Bueso, Rivera, Tulla & Ferrer, Hato Rey, Puerto Rico, for plaintiffs-appellants.
 
 
 2
 David R. Venderbush, Brobeck, Phleger & Harrison, Los Angeles, California, for defendants-appellees.
 
 
 3
 John C. Evans and David J. Manogue, Specter Law Offices, Pittsburgh, Pennsylvania, for intervenor-appellee.
 
 
 4
 Appeal from the United States District Court for the Central District of California; Manuel L. Real, District Judge, Presiding.
 
 
 5
 Before FLETCHER, D.W. NELSON, and SILVERMAN Circuit Judges.
 
 ORDER
 
 6
 Numerous federal lawsuits have been filed against Baxter Healthcare Corporation alleging the defective manufacture of Baxter's product, Gammagard. The Judicial Panel on Multi-District Litigation consolidated all of the lawsuits and transferred them to the United States District Court for the Central District of California solely for coordinated pre-trial proceedings. The cases were assigned to the Honorable Manuel L. Real in Los Angeles.
 
 
 7
 Judge Real entered a number of pretrial orders in these cases. The one in question is Case Management Order ("CMO") No. 7 in which Judge Real created a "Plaintiffs' Executive Committee" to oversee two funds to which all of the Baxter plaintiffs are required to contribute--a "litigation expense fund" and a "counsel fee fund." Intended as a mechanism to coordinate and share the cost of discovery, CMO No. 7 requires plaintiffs' counsel in each of the consolidated cases to deposit $7,500.00 into the litigation expense fund, and six percent of whatever they recover against Baxter into the counsel fee fund (up to a maximum counsel fee contribution of $75,000.00). The order contains a refund provision that will apply to funds left over at the conclusion of the litigation. Appellants thus far have declined to pay their $7,500.00 litigation expense fund assessment. Appellants do not currently owe any payment to the counsel fee fund. They have appealed the entry of CMO No. 7.
 
 
 8
 This court lacks jurisdiction over this appeal because CMO No. 7 is not a final decision within the meaning of 28 U.S.C. § 1291. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Like other discovery orders, CMO No. 7 is interlocutory and subject to on-going court modification. See In re Recticel Foam Corp., 859 F.2d 1000, 1003-04 (1st Cir.1988).
 
 
 9
 The district court did not make a 28 U.S.C. § 1292(b) certification that its order qualifies for interlocutory appeal, nor did it make findings pursuant to Rule 54(b), Fed.R.Civ.P.
 
 
 10
 Furthermore, CMO No. 7 does not fall within Cohen v. Beneficial Indus. Loan Corp.'s "collateral order exception" to the final judgment rule. 337 U.S. 541, 545-47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). As stated by the First Circuit in Recticel, a case involving a cost-sharing order similar to the one at issue here, to qualify as a collateral order,
 
 
 11
 [t]he order must involve: (1) an issue essentially unrelated to the merits of the main dispute, capable of review without disrupting the main trial; (2) a complete resolution of the issue, not one that is "unfinished" or "inconclusive"; (3) a right incapable of vindication on appeal from final judgment; and (4) an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's discretion.
 
 
 12
 859 F.2d at 1003-04.
 
 
 13
 Like the case management order in Recticel, CMO No. 7 does not conclusively resolve the issue of the sharing of discovery costs in the consolidated cases. The order remains subject to on-going modification by the district court. It even contains a refund provision.
 
 
 14
 Furthermore, the order does not constitute a decision on an "important and unsettled question of controlling law" that would justify an interlocutory appeal. The supervision of pre-trial discovery generally is left to the discretion of the trial court. See Wharton v. Calderon, 127 F.3d 1201, 1205 (9th Cir.1997). CMO No. 7 is only one of a "potential blizzard of similar orders.... [T]he dangers inherent in piecemeal review of cost-sharing orders far overbalance any realistic possibility of denying justice by a delay in appellate oversight." Recticel, 859 F.2d at 1003.
 
 
 15
 The appeal is dismissed for lack of jurisdiction. 28 U.S.C. § 1291. See Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir.1981).
 
 
 16
 DISMISSED.